# Stopp *versus* Smith.

1. In tort the plaintiff cannot in the verdict for damages, recover compensation for the trouble and expense of establishing his right.
2. In tort only such damages can be recovered as arose out of the injury.
3. Barnett v. Reed, 1 P. F. Smith 190, remarked on; Good v. Mylin, 8 Barr 51, adopted.

March 18th 1872. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lehigh county:* No. 403, to January Term 1871.

[Stopp *v.* Smith.]

This was an action of trespass q. c. f., brought August 13th 1870, by Walter C. Smith against John Stopp.

The alleged trespass arose under the following circumstances:—

The plaintiff and defendant owned adjoining lots, on which houses were erected; between the first stories of the houses was an alley 32 inches in width, of which the parties had a joint use. The defendant alleging a contract with plaintiff to erect an awning in front of both houses, against the plaintiff's objection, proceeded alone to erect the awning, fastening it to the wall of the house. The plaintiff asserting that the defendant had no right to do so, brought this action of trespass.

The only questions raised by the assignment of error and discussed in the Supreme Court arose under the following instructions of Longaker, P. J. :—

"If, however, you are satisfied that a trespass was committed, you are warranted in allowing the plaintiff as damages, a reasonable compensation for his necessary expenses in carrying on this suit, together with his counsel fees. As regards these expenses you will exercise your own judgment in fixing the amount."

The jury found for the plaintiff $33.58 damages.

The defendant removed the record to the Supreme court.

*S. A. Bridges*, for plaintiff in error.—The plaintiff's expenses were not to be estimated in the damages: Good *v.* Mylin, 8 Barr 51.

*P. Wyckoff* and *E. Harvey*, for defendant in error.—Every one shall recover damages in proportion to the prejudice which he hath sustained: Fetter *v.* Beale, 1 Ld. Raym. 692; Bussy *v.* Donaldson, 4 Dallas 206; Seely *v.* Alden, 11 P. F. Smith 302.

Compensatory damages are proper when there is no actual malice, and are such as indemnify the plaintiff, including injury to property, loss of time and necessary expenses, counsel fees and other actual loss: Barnett *v.* Reed, 1 P. F. Smith 190.

The opinion of the court was delivered, May 13th 1872, by

THOMPSON, C. J.—We regard the first and principal assignment of error as conclusively ruled by the case of Good *v.* Mylin, 8 Barr 51. It was there held, expressly overruling Wilt *v.* Vickers, 8 Watts 227, and Rogers *v.* Fales, 5 Barr 159, " that it was error to instruct the jury in cases of *tort* to include in their verdict damages to compensate the plaintiff for the injury actually sustained and for the trouble and expense of establishing his right." In the case in hand the instruction was similar. " If you are satisfied that a trespass was committed, you are warranted in allowing the plaintiff, as damages, a reasonable compensation for his necessary expenses in carrying on this suit, together with counsel fees." So to charge was to forget that only such damages could

[*Stopp v. Smith.*]

be recovered as arose out of the injury, and not to allow them as a consequence of bringing the suit. This was wrong in logic as well as in law. It is true the learned judge below had a show of support in the case of Barnett *v.* Reed, 1 P. F. Smith 190. But the assent to the charge of the court below there, which embraces it, had reference doubtless to other distinctions in regard to damages arising in the case, rather than to a restitution of the principle exploded in Good *v.* Mylin, which like it, was also an action on the case. Adhering to the rule of the case of Good *v.* Mylin, we hold the court erred in the instructions referred to, and the judgment must be reversed.

The other two assignments of error need not be noticed, as they are predicated of that which was not proper to go to the jury for any legal purpose in the case.

We cannot help the defendant in error by any of the modes suggested, excepting we might, perhaps, by expressing the hope that he will not litigate this very small cause of controversy further; but that is for him to say.

Judgment reversed, and *venire de novo* awarded.