## Bland v. Bland

*David C. Cleaver,* for plaintiffs.

*Richard C. Snelbaker* and *Robert P. Shoemaker,* for defendants.

KELLER, J., June 4, 1970.—The above-captioned action in trespass was commenced on September 6, 1968, by the issuance of a writ of summons which was served on defendant, Earl J. Ensminger, on September 9, 1968, on defendant, Betty Stevens, on September 12, 1968, and on defendant, Melvin L. Bland, on October 30, 1968. Plaintiff was ruled to file a complaint on October 31, 1969, and in accordance with the rule the complaint was filed on November 21, 1969,

and served on November 26, 1969, upon the several defendants.

Plaintiff, W. Jean Bland, alleges in the first count of the complaint a conspiracy among defendants by which defendant, Melvin L. Bland, would remove Dana Jean Bland, minor adopted daughter of W. Jean Bland and Melvin L. Bland, from the home of W. Jean Bland and take her to Sacramento, Calif., for the purpose of depriving W. Jean Bland of her said daughter. Defendants' Earl J. Ensminger and Betty Stevens involvement in the conspiracy, as alleged by the complaint, consisted of assisting Melvin L. Bland in the clandestine preparations for the removal of his minor daughter and the withholding of information as to the whereabouts of Mr. Bland and his daughter after the removal. Plaintiff, W. Jean Bland, alleges the award of temporary custody to her by the Superior Court of the State of California on November 6, 1968, and by the Court of Common Pleas of Franklin County, Pa., on March 18, 1969. Plaintiff claims by way of damages substantial sums of money expended by her for attorneys' fees and expenses in locating the minor daughter, going to her and securing custody of her, damages for shock, fright and emotional distress and exemplary damages.

By the second count, Dana Jean Bland, a minor, by W. Jean Bland, alleges existence of the conspiracy on the part of defendants, an intent on the part of defendants to inflict emotional distress upon the minor by depriving her of the love, affection and companionship of her mother, and damages in an amount in excess of $10,000, including exemplary damages.

Defendants filed preliminary objections to the complaint and each defendant demurred, alleging plaintiffs had failed to state a cause of action and also moved to strike the complaint for procedural defects.

The matter is before the court on these preliminary objections.

Although each defendant has separately demurred to the legal sufficiency of plaintiffs' complaint, we understand the fundamental thrust of their arguments is that plaintiffs are stating a cause of action predicated on a conspiracy to do an unlawful act or to do a lawful act in an unlawful manner; viz., the removal of the minor plaintiff from her mother's custody. From this premise defendants correctly argue the complaint fails to allege the necessary factual elements to support a conspiracy permitting a recovery of money damages.

Plaintiffs, while giving a cursory nod to the theory of civil conspiracy, contend vigorously that their cause of action is based on outrageous conduct causing severe emotional distress as described in Restatement 2d, Torts, §46(1), hereafter referred to as section 46(1). This section states:

"46. Outrageous Conduct Causing Severe Emotional Distress.

"(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

Defendants totally failed to respond to plaintiffs' argument on this theory of action. Plaintiffs concede they have found no cases where the courts of Pennsylvania have granted relief for "outrageous conduct," but they point with considerable pride to Forster v. Manchester, 410 Pa. 192, 199 (1963), and Cucinotti v. Ortmann, 399 Pa. 26, 29 (1960), where the Pennsylvania Supreme Court seemed to acknowledge the existence of the cause of action while holding it was not applicable in those cases. The independent research of the court has been equally unproductive of appellate authority supporting or denying the availability of this

civil remedy in Pennsylvania. We do, however, find the Court of Common Pleas of Allegheny County did allow substantial damages in Lutz v. Brookline Savings & Trust Co., 117 Pitts. L. J. 239 (1969), where the claim was predicated on this theory of action. See also March 30, 1970, Pa. Bar Assn. Quarterly, page 285.

In the absence of clear appellate guidance, it is incumbent upon us to examine this novel cause of action and determine preliminarily whether in our judgment it has a legal life in this Commonwealth. One of the fundamental maxims is "The law recognizes the existence of no wrong without a remedy." This cause of action is clearly an effort to extend this ancient doctrine to cover another area of person-to-person rights and wrongs. The philosophy of the cause of action is best expressed by comment (d) of the American Law Institute:

"d. Extreme and outrageous conduct. The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

"The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppres-

sions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where some one's feelings are hurt. There must still be freedom to express an unflattering opinion, and some safety valve must be left through which irascible tempers may blow off relatively harmless steam."

Keeping carefully in mind the worthy purposes of and the broad limitations on this cause of action as set forth in the foregoing comment, we join the Allegheny County Court in concluding a cause of action should exist for conduct exceeding the bounds reasonably tolerated by society.

Having determined a right of action for outrageous conduct causing severe emotional distress is available in appropriate cases, we now turn to plaintiffs' complaint to determine whether they have pleaded the material facts essential to maintain such an action. The section 46(1) description of this novel cause of action establishes the essential elements to be:

1. Intentional, extreme and outrageous conduct by a defendant or defendants.

2. Causing severe emotional distress to plaintiff or plaintiffs.

Plaintiffs point to paragraphs sixth and twenty-fifth of their complaint as alleging these essential elements. These paragraphs allege:

"SIXTH—The defendants, well knowing the effect of their actions, did about in the Month of March 1968, with intent to injure, did unlawfully, wickedly, intentionally, and maliciously conspire and agree to inflict serious, unnecessary and severe emotional distress upon the person of the plaintiff, W. Jean Bland."

"TWENTY-FIFTH—The defendants, well knowing the effect of their actions, did, about in the middle of the Month of March 1968, with intent to injure, did unlawfully, wickedly, intentionally, and maliciously conspire and agree to inflict serious, unnecessary and severe emotional distress upon the person of the plaintiff, Dana Jean Bland, by depriving her permanently of the love, affection, and companionship of her mother, W. Jean Bland, and the said conspiracy was effected and carried out as hereinbefore set forth."

The remaining paragraphs of the complaint allege in detail the various acts of defendants leading up to the removal of minor plaintiff from her mother's home in Chambersburg, Pa., to Sacramento, Calif., the elaborate precautions taken to avoid alerting the adult plaintiff to the plan and to prevent her from ascertaining for a period of approximately four months where her daughter had been taken, and the emotional distress and damages suffered. These allegations must be treated as admitted by defendants' demurrers for the purpose of determining the legal sufficiency of the complaint.

To determine whether these facts are legally sufficient to meet the test of section 46(1), we again refer to the American Law Institute's commentary to the section and find:

"h. Court and jury. It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so. Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability.

"i. Intention and recklessness. The rule stated in this Section applies where the actor desires to inflict

severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct. It applies also where he acts recklessly, as that term is defined in §500, in deliberate disregard of a high degree of probability that the emotional distress will follow.

"j. Severe emotional distress. The rule stated in this Section applies only where the emotional distress has in fact resulted, and where it is severe. Emotional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. It is only where it is extreme that the liability arises. Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. The intensity and the duration of the distress are factors to be considered in determining its severity. Severe distress must be proved; but in many cases the extreme and outrageous character of the defendant's conduct is in itself important evidence that the distress has existed. For example, the mere recital of the facts in Illustration 1 above goes far to prove that the claim is not fictitious.

"The distress must be reasonable and justified under the circumstances, and there is no liability where the plaintiff has suffered exaggerated and unreasonable emotional distress, unless it results from a peculiar susceptibility to such distress of which the actor has knowledge. . . .

"It is for the court to determine whether on the evidence severe emotional distress can be found; it is

for the jury to determine whether, on the evidence, it has in fact existed."

Based on the foregoing we conclude:

1. Reasonable men may differ as to whether the conduct attributed to defendants, or any of them, is sufficiently extreme and outrageous to result in liability and, therefore, at this early stage such a determination would appear to be properly for a jury.

2. Intentional infliction of severe emotional distress is specifically alleged.

3. On the facts alleged and giving due weight to the duration of the separation of mother and daughter, severe emotional distress for either plaintiff could be found by a jury.

We, therefore, find plaintiffs have alleged sufficient facts to constitute a cause of action.

Defendants Bland and Stevens, in addition to generally attacking the legal sufficiency of the complaint by their demurrers, also challenged the legal propriety of plaintiff W. Jean Bland's claim for damages in the nature of restitution for expenses incurred in locating her daughter, and most specifically those in the nature of attorneys' fees. The thrust of defendants' arguments against all of the damages alleged in paragraph seventeenth is that they are in plaintiff W. Jean Bland's words, ". . . sums for the employment of lawyers, detectives, and other costs and expenses incurred in locating her aforesaid daughter . . . ," and, consequently, represent nothing more than the expenditures made in establishing a legal right, i. e., the right of primary custody of Dana Jean Bland. Quite cogently, these defendants argue it was not their acts but the distance between Pennsylvania and California that caused the great expense. With regard to the attorneys' fees, defendants point to the time honored general rule that attorneys' fees are not recoverable as an item of damages. Plaintiffs made no attempt

to respond to defendants' damage arguments, and the court does not, therefore, have the benefit of any contentions to the contrary they might have asserted.

"Generally, a person is entitled to recover as damages all reasonable expenses to which he may have been put in consequence of the wrong or injury inflicted . . .": 11 P. L. Encyc., Damages, §33. ". . . , as a general rule, attorney fees are not recoverable as an item of damages": 15 Am. Jur., Damages, §142, pp. 550, 551. In an action of tort, plaintiff cannot recover the trouble and expense of establishing his right: Good v. Mylin, 8 Pa. 51; Stopp v. Smith, 71 Pa. 285. In addition to these rules which are applicable to trespass actions generally, we are satisfied section 46(1) limits the damages recoverable for extreme and outrageous conduct to the monetary value of the emotional distress inflicted and, if bodily harm results from the emotional distress, then damages for such bodily harm.

Therefore, we conclude the items of damages alleged in paragraph seventeenth are not recoverable in a cause of action predicated on outrageous conduct because none of the items claimed relate to plaintiff W. Jean Bland's emotional distress or to any bodily harm arising from such distress. Furthermore, we are of the opinion the items claimed, being clearly expenditures incurred in custody litigation, are barred by the general damage rules above quoted; and it would be a legal anomaly to hold the alleged existence of outrageous conduct changed the character of these expenses or elevated them to some other status.

Defendants' demurrers to the damages alleged in plaintiffs' paragraph seventeenth are sustained. To avoid confusion, circuity and a possible motion for severance, we will treat the sustaining of this demurrer as applying to defendant Ensminger despite his failure to demur to these damages.

The three defendants have also attacked various

paragraphs of plaintiffs' complaint by motions to strike, alleging the paragraphs are impertinent and/or scandalous.

"Scandalous matter consists of any unnecessary allegation which bears cruelly upon the moral character of an individual, or states anything which is contrary to good manners, or anything which is unbecoming to the dignity of the court to hear, or which charges some person with a crime, not necessary to be shown. Vituperative and derogatory language will be stricken from a pleading. Averments which are reproachful and not material will be stricken as scandalous.

"The criterion is fundamentally one of relevance for when averments are relevant to the issues they are not scandalous, even though they may be regarded as scandalous in the ordinary sense of the word. Conversely, derogatory averments which are irrelevant will be stricken as scandalous": 2 Anderson Pa. Civ. Pract. §1017.26.

"Impertinence is the averment of a fact or facts which are irrelevant to the material issues made or tendered, and which, whether proven or not, or whether admitted or not, can have no influence in leading to the result of the judicial decree": 2 Anderson Pa. Civ. Pract. §1017.30.

All three defendants contend paragraph fifteenth, which alleges the Superior Court of California granted temporary custody to W. Jean Bland, and paragraph seventeenth, which alleges this court also awarded custody to her, are impertinent and totally irrelevant to the instant proceeding. We fail to see how the disposition of the subsequent custody litigation between plaintiff, W. Jean Bland, and defendant, Melvin L. Bland, over plaintiff, Dana Jean Bland, could have any proper influence on the ultimate disposition of the case at bar. The objections are, therefore, sustained.

Defendants Bland and Stevens object to the use of

the words "unlawful, wicked and malicious" in various paragraphs of the complaint and the word "abduct" in paragraph eighth and elsewhere on the theory that those words unnecessarily malign and blacken their characters and reputations and consequently should be stricken as scandalous. We have no difficulty in agreeing the word "abduct," which by definition is a carrying off by force, is scandalous. Similarly, we find the word "wicked" which is generally understood to relate to spiritual matters, is an unnecessary allegation and scandalous. The words "unlawful and malicious" are well-recognized legal words of art and in the context used are not objectionable.

Defendants object on the grounds of impertinence to various allegations of specific acts attributed to them in furthering or implementing the alleged scheme. Since the very essence of this unique cause of action is declared to be "extreme and outrageous conduct," it necessarily follows all of the alleged conduct would prima facie be relevant. Therefore, the allegations are not objectionable.

Finally, defendants assert the averments of severe shock and emotional distress are irrelevant and hence impertinent under the long-standing Pennsylvania rule that there may be no recovery in the absence of physical impact or injury from defendants' conduct. Quite correctly, plaintiffs cite the very recent decision of Niederman v. Brodsky, 436 Pa. 401 (1970), which appears to lay to rest the often critized "impact rule" in this Commonwealth. In addition, it appears obvious to us the "outrageous conduct" theory of action clearly negatives physical impact as an essential element.

## ORDER

Now, June 4, 1970, defendants' demurrer is dismissed except as to the damages claimed by plaintiffs' paragraph seventeenth. The motion to strike is granted

to the extent herein indicated. Plaintiffs are directed to file an amended complaint conforming to this opinion within 20 days from the date hereof.

Exceptions are granted plaintiffs and defendants.