AUBREY WOODSON, Indiv. and as Father and Next Friend of Kyle Woodson, a Minor, Plaintiffs-Appellants, v. NORTH CHICAGO COMMUNITY SCHOOL DISTRICT NO. 64 *et al.*, Defendants-Appellees.

Second District No. 2—88—1229

Opinion filed August 14, 1989.—Rehearing denied September 20, 1989.

Lewis D. Clarke, Jr., Mark B. Peavey, and Douglas E. Henderson, all of Snyder, Clarke, Dalziel & Johnson, of Waukegan, for appellants.

William P. Anderson, of Fuqua, Winter, Stiles & Anderson, Ltd., of Waukegan, for appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiffs, Aubrey and Kyle Woodson, appeal from an order of the circuit court dismissing their second amended complaint against defendants, the North Chicago Community School District and the North Chicago Board of Education. Plaintiffs raise one issue on appeal: whether the trial court erred by dismissing the second amended complaint for failure to state a cause of action.

Aubrey filed a complaint against defendants in his own behalf and on behalf of his nine-year-old son Kyle. The complaint alleged that, during a physical education class in the gymnasium of the Katzenmaier school, Kyle tripped over a hurdle and injured his knee while running a relay race. The complaint also alleged that defendants had a duty to provide "appropriate equipment, safety padding and protective devices" to protect Kyle from injuries. Defendants allegedly breached this duty by failing to supply an adequately protected or padded running surface; failing to supply padding, mats or other absorbent material to cushion the hard gymnasium floor; failing to provide "personal protective equipment such as knee pads" to prevent injury in the event of a fall on the hard floor; and failing to supply other safety equipment or floor padding.

Defendants filed a motion to strike and dismiss the complaint on the basis that it failed to state a cause of action because defendants have immunity from such suits and because, as a matter of law, it is not negligent to conduct running and jumping games on hard gymnasium floors. The court dismissed the complaint, finding that, under *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, and *Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 412 N.E.2d 447, to state a cause of action against a school board for acts of ordinary negligence, a plaintiff must allege that either the school board or district supplied defective equipment, or that it failed to provide effective equipment to guard against injuries that are common and severe. Since plaintiffs did not allege that Kyle's injury was a common type of injury which would have been prevented by the equipment specified by plaintiffs, the complaint failed to state a cause of action.

In their amended complaint, plaintiffs added that Kyle sustained severe and permanent injuries to his knee and that these injuries were

a foreseeable and predictable result of a fall during a hurdle race and were the common and severe result of tripping over a hurdle during a race. In their motion to dismiss the amended complaint, defendants requested that the court strike the allegations that Kyle's injuries were "common and severe" since those allegations stated conclusions of law and fact and argued that the amended complaint failed to allege any facts showing that the injury was "common and severe." Defendants also argued that the district and board were immune from ordinary negligence suits and that conducting a hurdle race on a hard wooden floor does not constitute negligence. The court dismissed the amended complaint and granted plaintiffs leave to amend the amended complaint.

In their second amended complaint, plaintiffs elaborated on the nature of Kyle's injury and further alleged that the injury was "of the type which might be commonly expected to be the result of the failure of the defendants to provide the appropriate and necessary safety equipment." Defendants again filed a motion to dismiss, arguing that the second amended complaint suffered from the same defects as the amended complaint. In its order dismissing the second amended complaint with prejudice, the court found that the complaint failed to allege specific facts tending to show that the injury was "common, severe, and permanent." The court struck these allegations for being conclusions of law and fact. The court then found that in accordance with the order dismissing the first complaint, defendants are immune from liability for negligence under section 24—24 of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 24—24) and the Local Government and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1987, ch. 85, par. 1—101 et seq.). The court denied plaintiffs' motion to further amend their complaint because the court found that plaintiffs could state no facts on which a cause of action could be based.

Plaintiffs advance three arguments to support their contention on appeal that the court erred by dismissing the complaint: (1) the second amended complaint states a cause of action against defendants for ordinary negligence based on their duty to provide adequate safety equipment to prevent foreseeable injury to students; (2) the second amended complaint complies with the rules for pleadings; and (3) plaintiffs' action is not barred by local governmental or school immunity.

■■ ■ When reviewing the dismissal of a complaint for failure to state a cause of action, the reviewing court must determine the legal sufficiency of the complaint. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 516, 513 N.E.2d 387, 391.) Although

all well-pleaded facts are to be regarded as true (*Kirk*, 117 Ill. 2d at 514, 513 N.E.2d at 390), if the complaint does not allege facts necessary to state a cause of action, the deficiency may not be cured by liberal construction (*Beckman v. Freeman United Coal Mining Co.* (1988), 123 Ill. 2d 281, 287, 527 N.E.2d 303, 305). The complaint must sufficiently set out every essential fact to be proved for a plaintiff to be entitled to judgment on the pleadings. *In re Beatty* (1987), 118 Ill. 2d 489, 499, 517 N.E.2d 1065, 1069.

■■■ For a complaint to state a cause of action for negligence, the allegations must establish the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury which is the proximate result of that breach. (*Teter v. Clemens* (1986), 112 Ill. 2d 252, 256, 492 N.E.2d 1340, 1342.) The mere allegation of a duty is insufficient; the complaint must allege facts from which the law will raise a duty, and the existence of that duty is a question of law to be determined by the trial court. (*Duncan v. Rzonca* (1985), 133 Ill. App. 3d 184, 190, 478 N.E.2d 603, 606.) A motion to dismiss a complaint for failure to state a cause of action should only be affirmed where no set of facts can be proved under the pleadings which would entitle the plaintiff to relief. (*Duncan*, 133 Ill. App. 3d at 191, 478 N.E.2d at 607.) A reviewing court may affirm a dismissal of a complaint on any grounds which are supported by the record regardless of whether the trial court relied on those grounds or whether the trial court's reasoning was correct. *Beckman*, 123 Ill. 2d at 286, 527 N.E.2d at 305.

■■■ A plaintiff is required to plead ultimate facts to support the cause of action. (*Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 509, 520 N.E.2d 37, 42.) In Illinois, fact pleading, as opposed to notice pleading, is required. (*Teter*, 112 Ill. 2d at 256, 492 N.E.2d at 1342.) The drafter of a complaint must strike a balance between pleading too little or too much factual detail; however, distinguishing between conclusions, ultimate facts, and evidentiary facts is difficult because the classification of an allegation depends on the context of a particular case. (*Sider v. Outboard Marine Corp.* (1987), 160 Ill. App. 3d 290, 299, 513 N.E.2d 449, 455.) The Illinois Supreme Court has stated:

> "[I]f a motion to dismiss admits only facts well pleaded and not conclusions, then, in considering the motion, if after deleting the conclusions that are pleaded there are not sufficient allegations of fact which state a cause of action against the defendant, the motion must be granted regardless of how many conclusions the count may contain and regardless of whether or not they inform the defendant in a general way of the nature of the claim

against him." *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426, 430 N.E.2d 976, 985.

 ██ Under the rule established in *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705, teachers, school boards and school districts are liable only for willful and wanton misconduct, not for ordinary negligence. (*Kobylanski*, 63 Ill. 2d at 173, 347 N.E.2d at 709.) Our supreme court carved out an exception to this rule in *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, holding that school districts have the duty of ordinary care to insure that athletic equipment provided for students is fit for the purpose intended. (*Gerrity*, 71 Ill. 2d at 52, 373 N.E.2d at 1326.) A school district may also be held liable for failing to provide necessary equipment. (*Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 434, 412 N.E.2d 447, 460.) In *Lynch*, the court held that where students are engaged in school activities, a school district has an affirmative duty to furnish equipment to prevent serious injuries. The court further stated:

> "At the least, a school district should furnish helmets and face guards for a game such as football, where head injuries are common and severe." (*Lynch*, 82 Ill. 2d at 434-35, 412 N.E.2d at 459.)

In essence, a school board or district has an affirmative duty to provide equipment fit for the purpose of preventing serious injuries which commonly occur in a particular sport which students engage in as part of a school-related activity.

To allege sufficiently a breach of the duty of ordinary care, plaintiffs were required to state specific facts tending to show that Kyle was engaged in a school-related activity, that the injury he suffered is one which commonly occurs as a result of that activity, that his injury was severe, and that the equipment defendants failed to supply would have been fit for the purpose of preventing the injury.

Plaintiffs argue that their second amended complaint stated a cause of action because it alleged that during a regularly scheduled gym class, Kyle tripped over a hurdle and "sustained common, severe and permanent injuries to his right knee." They further alleged that these injuries were the "foreseeable and predictable result of a fall during a hurdle race being run in a gymnasium and were the common and severe result of tripping over a hurdle" and that these injuries are of the type which "might commonly be expected to result" from defendants' failure to provide appropriate safety equipment.

██ Plaintiffs' allegations that the injuries were "foreseeable and predictable" and were the "common and severe result of tripping over a hurdle" are mere conclusions. Plaintiffs have alleged no facts tend-

ing to show that the injuries were in fact foreseeable. For example, plaintiffs needed to allege facts establishing the height of the hurdle because it is relevant to the foreseeability of the injuries; if the "hurdle" was six inches off the ground, the foreseeability of harm would be much less than if the hurdle were 3½ feet high. Similarly, plaintiffs did not allege any facts establishing the number of hurdles Kyle was required to jump over; how many, if any, he jumped over; how far apart the hurdles were spaced; or whether the race required the students to perform another maneuver, such as running through tires, before encountering another hurdle. Neither did plaintiffs allege that this was a training session in which tripping on the hurdle would be expected, nor did they allege that Kyle was too short to surmount a hurdle safely.

Plaintiffs also failed to allege any facts to support the conclusion that a fractured kneecap is a common injury resulting from jumping over hurdles. In *Lynch*, the court described head injuries resulting from playing tackle football as common and severe. An allegation that the injury sustained was common and severe may be sufficient for a head injury sustained in a tackle football game because tackle football is a bodily contact sport where the player expects to be hit hard and knocked to the ground. Case law suggests that tackle football is an inherently dangerous sport (see *Gerrity*, 71 Ill. 2d 47, 373 N.E.2d 1323; *Lynch*, 82 Ill. 2d 415, 412 N.E.2d 447), but no authority exists for concluding that a hurdle race is inherently dangerous. Consequently, the bare statement that fractured kneecaps commonly result from jumping over hurdles is insufficient. The fact that Kyle fell and injured his knee while trying to jump a hurdle does not lead to the conclusion that this injury is one which commonly occurs with this activity. Plaintiffs did not allege that several children had previously tripped over hurdles and injured their knees or that padding and mats are commonly used in hurdling. Without such allegations of specific facts, the allegations that the injuries were foreseeable and common are only conclusions of law and fact which are insufficient to withstand a motion to dismiss. We therefore conclude that the trial court properly dismissed the second amended complaint.

The judgment of the circuit court is affirmed.

Affirmed.

DUNN and INGLIS, JJ., concur.