WILLIAM J. McCORMICK, Plaintiff-Appellant, v. NADINE R. KRUK *et al.*, Defendants (Thomas S. Milazzo, Defendant-Appellee).

First District (3rd Division)   No. 1—90—0954

Opinion filed September 25, 1991.

Richard I. Bass, of Chicago (Catherine L. Grahn, of counsel), for appellant.

Torshen, Schoenfield & Spreyer, Ltd., and Garretson & Santora, both of Chicago (Jerome H. Torshen, Abigail K. Spreyer, and Harold J. Winston, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff William J. McCormick (McCormick) appeals from an order of the circuit court of Cook County which granted defendant Thomas S. Milazzo's (Milazzo's) motion to dismiss with prejudice the fourth amended count III of his second amended complaint for failure to state a cause of action. On appeal, McCormick contends that the trial court erred in dismissing count III of his complaint. We reverse and remand.

At approximately 12:05 a.m. on January 26, 1987, defendant Irene Wittke (Wittke) was driving her automobile southbound in the 6100 block of South Central Avenue when she lost control of her vehicle. Wittke's vehicle proceeded in an easterly direction across the center line of Central Avenue and came to rest where part of her car was on and part of it off the paved roadway. Wittke's disabled automobile was abandoned in the position where it came to rest partially obstructing the easternmost lane of northbound Central Avenue. Wittke notified the City of Chicago police department of the presence of her vehicle.

Approximately 5½ to 6 hours later at 5:30 a.m., Milazzo was driving northbound on Central Avenue when he collided head-on with the abandoned Wittke vehicle. The impact of the vehicles caused the abandoned Wittke car to move farther into the roadway, blocking both lanes of northbound traffic in the 6100 block of South Central Avenue. Milazzo notified the Chicago police department of the presence of the Wittke vehicle and left the scene.

Approximately 1½ hours later at about 6:45 a.m., McCormick was driving a car southbound in the 6100 block of South Central Avenue in Chicago. At the same time, defendant Nadine Kruk (Kruk) was operating an automobile northbound in the 6100 block of South Central Avenue. The 6100 block of South Central Avenue is a four-lane thoroughfare with two lanes of traffic going northbound and two going southbound divided by a center yellow line. Kruk allegedly crossed the center line of South Central Avenue in order to avoid the abandoned Wittke car and collided head-on with McCormick's automobile in the westernmost southbound traffic lane. As a result of the collision McCormick was injured.

Thereafter, McCormick filed a one-count complaint and two four-count amended complaints. McCormick's complaint named Kruk, Wittke, the City of Chicago and Milazzo as defendants. Milazzo filed a motion to dismiss count III of McCormick's second amended com-

plaint and each successive amended count III for failure to state a cause of action. The trial court granted Milazzo's motion as to each successive amendment to count III and granted leave to amend. After McCormick filed his fourth amended count III, the trial court found that McCormick had still failed to allege a duty on the part of Milazzo to move Wittke's abandoned vehicle out of the traffic lanes and granted Milazzo's motion to dismiss with prejudice. This appeal followed.

The sole issue on appeal is whether the fourth amended count III of McCormick's second amended complaint states a cause of action for negligence against Milazzo.

On a motion to dismiss, all well-pleaded facts are accepted as true. (*McColgan v. United Mine Workers of America* (1984), 124 Ill. App. 3d 825, 826, 464 N.E.2d 1166, 1167.) The standard of review on appeal from a motion to dismiss a complaint is whether the complaint sufficiently states a cause of action. (*Kenworthy v. Young* (1979), 70 Ill. App. 3d 144, 145-46, 388 N.E.2d 217, 219.) The merits of the case are not before the reviewing court. (*Tru-Link Fence Co. v. Reuben H. Donnelley Corp.* (1982), 104 Ill. App. 3d 745, 750, 432 N.E.2d 1188, 1192.) When reviewing a motion to dismiss, the court should interpret the facts alleged in the complaint in the light most favorable to the plaintiff, and the complaint should not be dismissed unless the pleadings disclose that no set of facts could be proved that would entitle plaintiff to relief. *Theodosakis v. Austin Bank* (1981), 93 Ill. App. 3d 634, 637, 417 N.E.2d 806, 808-09.

To state a legally sufficient claim for negligence, a plaintiff must allege the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach. (*McLane v. Russell* (1989), 131 Ill. 2d 509, 514, 546 N.E.2d 499, 501-02.) The question of whether a duty exists is an issue of law to be determined by the court. (*McLane*, 131 Ill. 2d at 514.) The question of duty in a negligence action should take into account the likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 526, 513 N.E.2d 387, 396.) To conclude that a duty exists, a court must find that the defendant and the plaintiff stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff. *McLane*, 131 Ill. 2d at 514-15.

The trial court found as a matter of law that Milazzo did not have a duty to either move, remove or place any warning flares or lights

on or near the abandoned Wittke vehicle after his collision with it. McCormick's complaint alleged that Milazzo's conduct (striking the abandoned Wittke vehicle and leaving it obstructing both lanes of northbound traffic on South Central Avenue) created a dangerous condition that interfered with the free and safe flow of traffic on Central Avenue. McCormick further alleged that the resulting accident which injured McCormick was one which was reasonably likely to occur under the circumstances.

We find as a matter of law that the fourth amended count III of McCormick's second amended complaint sufficiently stated a cause of action for negligence against Milazzo. In imposing a duty on Milazzo to move, remove or otherwise illuminate or mark the obstruction of both lanes of northbound traffic on Central Avenue which he created, we take into account the likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant.

The Illinois Vehicle Code provides in part:

"Duty upon damaging unattended vehicle or other property. The driver of any vehicle which collides with or is involved in a motor vehicle accident with any vehicle which is unattended, or other property, resulting in any damage to such other vehicle or property shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle or other property of the driver's name, address, registration number and owner of the vehicle the driver was operating or shall attach securely in a conspicuous place on or in the vehicle or other property struck a written notice giving the driver's name, address, registration number and owner of the vehicle the driver was driving and shall without unnecessary delay notify the nearest office of a duly authorized police authority and shall make a written report of such accident when and as required in Section 11—406. Every such stop shall be made without obstructing traffic more than is necessary.

Any person failing to comply with this Section shall be guilty of a Class A misdemeanor." Ill. Rev. Stat. 1987, ch. 95½, par. 11—404.

In his complaint, McCormick alleged that Milazzo had a duty not to obstruct other vehicles using the roadway. McCormick further alleged that Milazzo created an unreasonably dangerous condition, abandoned Wittke's car after moving it into an obstructing position, and failed to remove it even though it was foreseeable that other collisions would occur. Milazzo's failure to move, remove, mark or illumi-

nate the obstruction of both lanes of northbound South Central Avenue traffic constituted a breach of his duty to comply with the provisions of section 11—404 of the Illinois Vehicle Code prohibiting the obstruction of traffic following an accident involving an unattended vehicle. Under these circumstances, it was both reasonably likely and foreseeable that an injury would occur since Milazzo himself had just collided with the Wittke vehicle while it was obstructing only one lane of traffic. In contrast, the burden upon defendant of guarding against this accident was minor. In addition, as a motorist, Milazzo owed to McCormick a duty of reasonable conduct. We therefore conclude that the trial court erred in granting Milazzo's motion to dismiss count III of McCormick's complaint since the pleadings reveal the existence of a set of facts which could entitle McCormick to relief.

Accordingly, the order of the circuit court of Cook County which dismissed with prejudice the fourth amended count III of McCormick's second amended complaint is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

CERDA, P.J., and GREIMAN, J., concur.