DAVID SELPH *et al.*, Plaintiffs-Appellants, v. NORTH WAYNE COMMUNITY UNIT SCHOOL DISTRICT No. 200, Defendant-Appellee.

Fifth District   No. 5—90—0552

Opinion filed November 12, 1991.

Michael J. Hanagan, of Hanagan & Dousman, of Mt. Vernon, for appellants.

Michael W. Klobnak, of Smith, McCollum & Riggle, of Flora, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

Plaintiff was playing speedball during a required physical education class at Cisne Community High School. Another player, while attempting to kick the ball, kicked plaintiff's right shin, breaking plaintiff's lower leg. Plaintiff and his father sued the school district alleging failure to furnish protective shinguards.

The circuit court, relying on *Woodson v. North Chicago Community School District No. 64* (1989), 187 Ill. App. 3d 168, 543 N.E.2d 290, dismissed plaintiffs' complaint, ruling that plaintiffs failed to allege that: (1) plaintiff was engaged in a school-related activity; (2) plaintiff's injury was one which *commonly* occurs as a result of that activity; (3) plaintiff's injury was *severe*; and (4) the equipment the school district failed to supply would have been fit for the purpose of preventing the injury. We reverse and remand.

■ A motion to dismiss for failure to state a cause of action should be affirmed on appeal only where no set of facts can be proven under the pleadings which will entitle the plaintiff to relief. (*Huebner v. Hunter Packing Co.* (1978), 59 Ill. App. 3d 563, 375 N.E.2d 873.)

The question for us to consider is whether the four items set forth by the circuit court and listed in the paragraph immediately above are indeed pleading requirements.

### SCHOOL-RELATED ACTIVITY

The record reveals, and defendant concedes, that the complaint did allege that plaintiff was engaged in a school-related activity. Paragraph three of plaintiffs' complaint states:

"The plaintiff *** was a pupil enrolled at the defendant, NORTH WAYNE COMMUNITY UNIT SCHOOL DISTRICT No. 200, and participating in required physical education instruction at Cisne Community High School."

### COMMON AND SEVERE

The circuit court, citing *Woodson v. North Chicago Community School District No. 64* (1989), 187 Ill. App. 3d 168, 543 N.E.2d 290, stated that plaintiff must allege that his injuries are "common" and "severe." Plaintiffs, relying upon *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, and *Lynch v. Board of Education of Collinsville Community Unit District No. 10* (1980), 82 Ill. 2d 415, 412 N.E.2d 447, argue that "common" and "severe" are not pleading requirements. We agree with plaintiffs.

The Illinois Supreme Court in *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, held that school districts have the duty of ordinary care in furnishing athletic equipment. (*Gerrity*, 71 Ill. 2d at 52, 373 N.E.2d at 1326.) The supreme court extended the *Gerrity* rule in *Lynch v. Board of Education of Collinsville Community Unit District No. 10* (1980), 82 Ill. 2d 415, 412 N.E.2d 447, holding that a school district has not only a duty to furnish *safe* equipment, but also an affirmative duty to *provide* equipment to prevent injuries. In so holding, the court stated:

"We think a school district has an affirmative duty, where students are engaging in school activities, whether they are extracurricular, or formally authorized as part of the school program, to furnish equipment to prevent serious injuries. At the least, a school district should furnish helmets and face guards for a game such as football, where head injuries are *common and severe*." (Emphasis added.) *Lynch*, 82 Ill. 2d at 434-35, 412 N.E.2d at 459.

In *Woodson v. North Chicago Community School District No. 64* (1989), 187 Ill. App. 3d 168, 543 N.E.2d 290, the Illinois Appellate Court, Second District, seemed to transform *Lynch*'s "common and

severe" phrase into a pleading requirement, stating: "[t]o allege suffi-
ciently a breach of the duty of ordinary care, plaintiffs were required
to state specific facts tending to show *** that the injury he suffered
is one which commonly occurs as a result of that activity, [and] that
his injury was severe." *Woodson*, 187 Ill. App. 3d at 173, 543 N.E.2d
at 292.

To the extent that *Woodson* may be read to require that plaintiff
plead that his injury was "common" and "severe," we disagree. We
conclude that the language, "common and severe," in *Lynch*, was *dic-
tum*, for the court had already established that a school board had an
affirmative duty to furnish safe equipment and the phrase "common
and severe" merely was exegetic of the ruling, emphasizing that the
cause of action was foreseeable. Transforming "common" and "se-
vere" into pleading requirements seems to us to be bad law, because
that transformation would force circuit courts to decide a threshold
question of law without any definable standard for judging an injury
to be either "common" or "severe." Furthermore, a determination
whether an injury is "common" or "severe" at the pleading stage is
not only, to some extent, a factual determination, which might entitle
plaintiff to an evidentiary hearing, but is also marred by another de-
fect: it would create inconsistent results, because whether an injury is
judged to be "common" or "severe" necessarily depends on the sub-
jective sensibilities of each circuit court judge.

We know of no tort law requiring plaintiff to specifically plead
that his injuries are "common" and "severe" (see *Gerrity v. Beatty*
(1978), 71 Ill. 2d 47, 373 N.E.2d 1323; *Ausmus v. Board of Education*
(1987), 155 Ill. App. 3d 705, 508 N.E.2d 298; *Bowers v. Du Page
County Regional Board of School Trustees District No. 4* (1989), 183
Ill. App. 3d 367, 539 N.E.2d 246; *Jastram v. Lake Villa School Dis-
trict 41* (1989), 192 Ill. App. 3d 599, 549 N.E.2d 9); therefore, we hold
that "common" and "severe" are not pleading requirements.

### EQUIPMENT WOULD HAVE BEEN FIT FOR THE
### PURPOSE OF PREVENTING THE INJURY

The circuit court, again relying on *Woodson*, dismissed plaintiffs'
complaint for failure to state that the equipment defendant failed to
supply would have been fit for the purpose of preventing the injury.
In holding that "fit for the purpose of preventing the injury" was a
pleading requirement (*Woodson*, 187 Ill. App. 3d at 173, 543 N.E.2d
at 292), *Woodson* relied on language in *Gerrity*, a case in which plain-
tiff sued the school for providing an ill-fitting and inadequate helmet.
*Gerrity* held that a school district has a duty of ordinary care in fur-

nishing equipment, stating that "public policy considerations argue rather strongly against any interpretation which would relax a school district's obligation to insure that equipment provided for students in connection with activities of this type is fit for the purpose." (*Gerrity*, 71 Ill. 2d at 52, 373 N.E.2d at 1326.) We disagree. The distinction between the case at hand and *Gerrity* is that, here, plaintiff alleged a failure to provide any equipment at all, whereas in *Gerrity*, plaintiff alleged that the equipment provided was inadequate. Reliance on *Gerrity* is, therefore, misplaced. We hold that where plaintiff sues defendant for failure to *provide* equipment, pleading that the product defendant failed to supply would have been fit for the purpose of preventing the injury is not required, and we do not address whether "fit for the purpose of preventing the injury" is a pleading requirement in an action for failure to provide *proper* equipment.

■ We focus now on plaintiffs' complaint. For plaintiffs' complaint to be sufficient, it must allege that plaintiff was engaged in a school-related activity (*Lynch v. Board of Education of Collinsville Community Unit District No. 10* (1980), 82 Ill. 2d 415, 412 N.E.2d 447) and must set out facts establishing the existence of a duty of care owed by defendant to plaintiff, a breach of that duty, and an injury which is the proximate result of that breach. (*Teter v. Clemens* (1986), 112 Ill. 2d 252, 492 N.E.2d 1340.) Plaintiffs' complaint provided, in part, that defendant negligently:

"Requir[ed] DAVID SELPH to participate in a group activity similar to soccer, known as speedball, without furnishing plaintiff with protective shinguards, when it knew, or should have known that the safety of said plaintiff would thereby be endangered.

Requir[ed] DAVID SELPH to participate in a group activity similar to soccer, known as speedball, without telling the plaintiff that shinguards should be used, when it knew, or in the exercise of ordinary care should have known, that such failure on its part endangered said plaintiff.

Failed to supply DAVID SELPH with protective shinguards, when it knew, or should have known[,] that such failure endangered said plaintiff.

Failed to give DAVID SELPH the option of not participating in such sport without protective shinguards, when defendant knew, or in the exercise of ordinary care should have known, that without such shinguards the safety of said plaintiff was endangered.

As a direct and proximate result of one or more of the foregoing negligent and careless acts or omissions of the defendant, DAVID SELPH sustained severe leg injuries when another player unintentionally kicked the plaintiff in his right shin while participating in said game.

Further, DAVID SELPH has sustained disability from said injuries to his leg;

Further, DAVID SELPH has in the past and will in the future experience pain and suffering as a result of the injuries;

Further, DAVID SELPH has sustained disfigurement as a result of the injuries ***."

We find plaintiffs' complaint sufficient to withstand a motion to dismiss, and the order dismissing plaintiffs' complaint for failure to state a cause of action, therefore, is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

WELCH and HARRISON, JJ., concur.