L. JUNE BRACKETT, Plaintiff-Appellant, v. GALESBURG CLINIC ASSOCIATION *et al.*, Defendants-Appellees (Lynn L. Greeley *et al.*, Respondents in Discovery).

Third District    Nos. 3—97—0122, 3—97—0160 cons.

Opinion filed December 31, 1997.

Robert C. Strodel (argued), of Law Offices of Robert C. Strodel, Ltd., of Peoria, for appellant.

Linda L. Laugges (argued), of Thomas, Mamer & Haughey, of Champaign, for appellees.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

Following her dismissal as an employee of the Galesburg Clinic Association, plaintiff L. June Bracket filed suit against the clinic and three members of the clinic's executive board. Plaintiff's amended complaint alleged intentional infliction of emotional distress, negligent infliction of emotional distress, conspiracy, and breach of contract. Defendants filed motions to dismiss all of the counts pursuant to sections 2—615 and 2—619 of the Illinois Code of Civil Procedure. 735 ILCS 5/2—615, 2—619 (West 1996). The trial judge granted the motions to dismiss, and plaintiff filed this appeal.[1] We affirm.

In deciding a motion filed pursuant to section 2—615 of Illinois Code of Civil Procedure, the merits of the case are not at issue. 735 ILCS 5/2—615 (West 1996); *McCormick v. Kruk*, 220 Ill. App. 3d 449, 451, 581 N.E.2d 73, 75 (1991). Only the pleadings are considered (*Shugan v. Colonial View Manor*, 107 Ill. App. 3d 458, 460, 437 N.E.2d 731, 733 (1982)), and all well-pleaded facts in the complaint are deemed to be true and all inferences arising from the complaint are to be drawn in favor of the nonmovant (*Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 473, 564 N.E.2d 1222, 1230 (1990)). A motion to dismiss, however, does not admit conclusions of law or fact that are

---

[1]On appeal, plaintiff alleges that the trial court erred in dismissing the emotional distress and conspiracy counts. No issue is raised regarding the breach of contract claim.

unsupported by allegations of specific facts warranting such conclusions. *Groenings v. City of St. Charles*, 215 Ill. App. 3d 295, 299, 574 N.E.2d 1316, 1319 (1991). On appeal from an order dismissing a complaint pursuant to section 2—615, the issue is whether the complaint sufficiently states a cause of action. *McCormick*, 220 Ill. App. 3d at 451, 581 N.E.2d at 75.

■ A motion filed pursuant to section 2—619 of the Code should be granted only when it raises an affirmative matter that negates the plaintiff's cause of action completely or that refutes crucial conclusions of law or material fact that are unsupported by specific facts alleged in the plaintiff's complaint. 735 ILCS 5/2—619 (West 1996); *Egidi v. Town of Libertyville*, 181 Ill. App. 3d 542, 546, 537 N.E.2d 369, 372 (1989). When proceeding under section 2—619, a movant concedes all well-pleaded facts contained in the complaint but does not admit conclusions of law or conclusions of material fact unsupported by allegations of material fact. *Magnuson v. Schaider*, 183 Ill. App. 3d 344, 352, 538 N.E.2d 1309, 1315 (1989). In reviewing the trial court's dismissal of a complaint pursuant to section 2—619, the function of the appellate court is limited to a consideration of the legal questions presented by the pleadings. *Miranda v. Jewel Cos.*, 192 Ill. App. 3d 586, 588, 548 N.E.2d 1348, 1350 (1989). The reviewing court may affirm a dismissal on any ground supported by the record. *Woodson v. North Chicago Community School District No. 64*, 187 Ill. App. 3d 168, 172, 543 N.E.2d 290, 292 (1989).

Plaintiff's complaint alleges that: plaintiff was an employee at the defendant clinic for a period of 44 years; the defendant doctors conducted an executive board meeting at a time and in a manner other than that prescribed by the clinic's articles of association; defendant doctors signed a letter terminating plaintiff's employment with the clinic; a copy of the letter was given to plaintiff and she was summarily escorted from the premises without being given the opportunity to go through her drawers or pack her personal belongings; some but not all of plaintiff's personal belongings were later delivered by other clinic employees; defendant Meeker sent a memo to the clinic's associate doctors advising them that it would be "ill-advised" to discuss the matter outside the clinic; Meeker issued a one-sentence statement, subsequently included in a local newspaper article, saying that plaintiff was no longer employed as the clinic's chief executive officer; Meeker addressed the clinic's supervisory employees and stated that plaintiff's termination would not be discussed with anyone; Meeker hinted by innuendo to the supervisory employees that the reason for the termination was something "really bad"; and plaintiff has never been given a reason for her termination.

**I**

█ In *McGrath v. Fahey*, 126 Ill. 2d 78, 533 N.E.2d 806 (1988), the supreme court outlined the elements for the tort of intentional infliction of emotional distress:

"First, the conduct involved must be truly extreme and outrageous. Second, the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress. Third, the conduct must in fact cause severe emotional distress." (Emphasis omitted.) *McGrath*, 126 Ill. 2d at 86, 533 N.E.2d at 809.

The *McGrath* court quoted with approval the admonition found in the Restatement (Second) of Torts section 46, Comment *j*, at 77-78 (1965):

" 'The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. The intensity and duration of the distress are factors to be considered in determining its severity.' " *McGrath*, 126 Ill. 2d at 86, 533 N.E.2d at 809.

Thus, the tort does not arise from threats, insults, indignities, annoyances, or petty oppressions, but coercion, abuse of power or authority, and harassment. *McGrath*, 126 Ill. 2d at 86-89, 533 N.E.2d at 809-11. The conduct must go beyond all bounds of decency and be considered intolerable in a civilized community. *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 21, 607 N.E.2d 201, 211 (1992).

█ Applying these standards, we conclude that although plaintiff was certainly subjected to hurt feelings and a certain amount of indignity, none of defendants' alleged actions constituted conduct that was outrageous or beyond the bounds of decency. *Cf. Kolegas*, 154 Ill. 2d 1, 607 N.E.2d 201 (radio hosts said caller's efforts to raise money for charity was a "scam" and that his wife and child who suffered from Elephant Man's disease had abnormally large heads); *Milton v. Illinois Bell Telephone Co.*, 101 Ill. App. 3d 75, 427 N.E.2d 829 (1981) (plaintiff alleged that he was fired for failing to participate in criminal activity). Defendants' conduct in terminating plaintiff is more akin to that of offensive creditors exercising and enforcing their legal collection rights. See *Public Finance Corp. v. Davis*, 66 Ill. 2d 85, 360 N.E.2d 765 (1977).

Moreover, we find that plaintiff has failed to allege facts supporting her conclusory allegation that defendants intended to inflict severe emotional distress or that there existed a high probability that their conduct would cause severe emotional distress. The trial court properly dismissed the counts alleging intentional infliction of emotional distress.

## II

■ In *Corgan v. Muehling*, 143 Ill. 2d 296, 574 N.E.2d 602 (1991), the supreme court discussed the pleading requirements for negligent infliction of emotional distress:

"A complaint for negligence, to be legally sufficient, must set out facts that establish the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach. [Citations.] The determination of whether a duty exists—whether the defendant and the plaintiff stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff—is an issue of law to be determined by the court." *Corgan*, 143 Ill. 2d at 306, 574 N.E.2d at 606.

In determining whether to impose a duty upon a defendant, a court looks at various policy considerations, such as the likelihood of harm, the gravity of the injury, the burden of guarding against the injury, and the relationship between the parties. *Corgan*, 143 Ill. 2d at 306, 574 N.E.2d at 606.

■ To state a cause of action for the tort of negligent infliction of emotional distress, a plaintiff must allege that the infliction of emotional distress arose out of the *negligent* acts of a defendant. *State Farm Fire & Casualty Co. v. Watters*, 268 Ill. App. 3d 501, 510, 644 N.E.2d 492, 498 (1994). Where the purported emotional distress has been caused by *intentional* acts committed by a defendant, the plaintiff does not state a cause of action for *negligent* infliction of emotional distress. *Watters*, 268 Ill. App. 3d at 510, 644 N.E.2d at 498. In this case, none of the alleged actions committed by the defendants were negligent. Rather, as plaintiff properly characterized them in her counts for intentional infliction of emotional distress, each of the defendants' actions was knowingly and intentionally committed.

Moreover, even if were to find that some of defendants' actions were unintentional, plaintiff has failed to properly allege the existence of a legal duty that was breached by defendants. Plaintiff claims that defendants violated the duty of employers to treat their employees with "good faith and fair dealing." Plaintiff expressly states in her brief that she is not seeking the recognition of a new duty. However, the authority cited by plaintiff, including section 1—203 of the Uniform Commercial Code (810 ILCS 5/1—203 (West 1996)), *Hentze v. Unverfehrt*, 237 Ill. App. 3d 606, 604 N.E.2d 536 (1992), *Osten v. Shah*, 104 Ill. App. 3d 784, 433 N.E.2d 294 (1982), and *Foster Enterprises, Inc. v. Germania Federal Savings & Loan Ass'n*, 97 Ill. App. 3d 22, 421 N.E.2d 1375 (1981), pertains to contractual situa-

tions. Yet, as plaintiff concedes in her brief, her cause of action for negligent infliction of emotional distress relies on tort law and "does not sound in breach of contract."

Plaintiff has failed to cite a single case where a duty of "good faith and fair dealing" toward employees has been found to exist apart from principles of contract law. We affirm the dismissal of plaintiff's claims for negligent infliction of emotional distress.

## III

■ Civil conspiracy consists of a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means. *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 62, 645 N.E.2d 888, 894 (1994); *Buckner v. O'Brien*, 287 Ill. App. 3d 173, 180, 677 N.E.2d 1363, 1368 (1997). To state a cause of action for conspiracy, a plaintiff must allege not only that one of the conspirators committed an overt act in furtherance of the conspiracy, but also that such act was tortious or unlawful in character. *Adcock*, 164 Ill. 2d at 63, 645 N.E.2d at 894. While plaintiff has alleged that defendants acted in concert, we have already found that she has failed to adequately allege that these acts were tortious or unlawful. Plaintiff's claim for conspiracy was properly dismissed.

The judgment of the circuit court of Knox County is affirmed.

Affirmed.

HOLDRIDGE and MICHELA, JJ., concur.