## Becker et ux. v. Borough of Schuylkill Haven, Appellant.

306

Argued December 13, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

rear-gument refused April 20, 1963.

*H. G. Stutzman,* with him *Stutzman, Lewis and Sidoriak,* for appellant.

*W. J. Krencewicz,* with him *George I. Puhak,* for appellees.

OPINION BY RHODES, P. J., March 19, 1963:

This is an appeal by the Borough of Schuylkill Haven from judgments for plaintiffs in a trespass action brought to recover damages from the defendant borough as a result of shutting off the water supply to plaintiffs' home after notice for nonpayment of sewer rentals.

The Borough of Schuylkill Haven owns and operates a water supply system for its residents. The borough likewise operates a sewer system under lease from the owner, Schuylkill Haven Municipal Authority. Plaintiffs' residence in the borough was served by these systems. Although their water bills were paid, plaintiffs refused to pay a sewer rental of $168.31 which had accumulated between 1952 and 1957. On September 13, 1957, plaintiffs were notified by the borough that their water supply would be cut off unless the sewer rental was paid within fifteen days from date of notice. Accordingly, on October 8, 1957, plaintiffs' water supply was cut off. In so doing the borough officials acted under the authority of Ordinance 394, enacted on August 9, 1957 (approved on September 9, 1957), giving the borough "the right to cut off sewerage service and water service from the delinquent premises and not to restore the same until all delinquent bills against the same and the cost of cutting off and restoring service shall have been paid."

On October 17, 1957, plaintiffs, by praecipe, commenced the present action of trespass seeking damages from the borough for shutting off their water supply. By agreement of counsel, plaintiffs' supply of water was restored on October 28, 1957. On the same date, plaintiff Edwin Becker filed a complaint in equity seeking a mandatory injunction against the borough for

restoration of the water connection to his home. By agreement of counsel, water service was restored pending the final disposition of the case. Judge STAUDEN-MEIER, as chancellor, dismissed plaintiff's complaint in equity; the court in banc dismissed plaintiffs' exceptions, and judgment was entered in favor of defendant borough. On appeal, the Supreme Court of Pennsylvania (*Becker v. Schuylkill Haven Borough*, 395 Pa. 572, 151 A. 2d 77) reversed on the ground that, under the Act of September 7, 1955, P. L. 576, 53 PS §2261, the right "to shut off the supply of water to such premises" was applicable only to municipal authorities and boroughs as owners of sewer systems as distinguished from lessees. Since The Borough Code (Act of May 4, 1927, P. L. 519, as amended, 53 PS §47101 et seq.) did not authorize the municipality to enact a shut-off ordinance under such circumstances, the Supreme Court concluded that it could not supply "the borough with an additional method for the collection of unpaid sewer charges," or "fill the void apparently created by legislative oversight."

The trespass action was tried before a jury, beginning on May 20, 1960. The husband-plaintiff had died prior to trial, and the wife was substituted in her capacity as executrix of her husband's estate. At the trial, wife-plaintiff testified that for the period of twenty days after the water was cut off she and her husband drove to a spring about three miles distant from her home. Together they carried ten one-gallon jugs, two at a time, up an embankment and across a railroad track; they filled the jugs at the spring and returned home. Six trips were made during the twenty-day period from October 8, 1957, to secure water for drinking and cooking purposes. Water for bathing and laundry was obtained from neighbors and by catching rain water in a container. The husband was seventy years of age at the time, and the wife was sixty-nine.

Medical testimony was presented showing that since 1953 Becker was afflicted with arteriosclerotic heart disease or cardiac insufficiency, including difficulty in breathing and ankle edema. Wife-plaintiff testified that her husband's condition was aggravated after the water supply was cut off, stating: "Naturally, he couldn't sleep and he couldn't eat and he didn't rest right. He worried night and day." Concerning herself she said: "Well, I couldn't eat. I couldn't sleep. I worried about my husband, and I got palpitation of the heart. I went to the doctor and I thought probably I had a heart condition. He said, 'No,' that it was just due to this. I was all unnerved."

Dr. Wall, a heart specialist called on behalf of plaintiffs, testified that he had treated Becker while hospitalized in March, 1954. After stating that the exertion of Becker in carrying water might have aggravated the pre-existing heart disease, Dr. Wall later gave an affirmative opinion on these questions, subject, however, to certain qualifications.

In addition to the above asserted items of damage, plaintiffs were permitted to introduce evidence, over defendant borough's objection, as to the attorney fees paid by them in the equity action amounting to $786.81. The jury returned a verdict in favor of Kathryn Becker, executrix of the estate of Edwin Becker, deceased, in the sum of $1,000, and in favor of Kathryn Becker in her own right in the sum of $2,000. The court below refused motions for judgment n.o.v. and for a new trial. The defendant borough has appealed from the judgments entered on the verdict.

In the present trespass action the court below treated the Supreme Court's decision in *Becker v. Schuylkill Haven Borough,* supra, 395 Pa. 572, 151 A. 2d 77, as a conclusive determination that the borough had no legal authority to justify the cutting off of plaintiffs' water supply for nonpayment of sewer charges, and sub-

mitted to the jury only the question of whether plaintiffs proved that their alleged damages were caused by defendant borough's act in cutting off the water. The court below also charged the jury that plaintiffs were obliged to pay the sewer rentals as billed. Hence, the question of defendant borough's liability was not submitted to the jury on the theory that the sewer rentals constituted a disputed claim. Cf. *Girard Life Insurance Company v. City of Philadelphia,* 88 Pa. 393; *Rochester Building and Loan Association v. Beaver Valley Water Company,* 68 Pa. Superior Ct. 122, 125; *Bower v. United Gas Improvement Company,* 37 Pa. Superior Ct. 113; *Dodd v. City of Atlanta,* 154 Ga. 33, 113 S.E. 166, 167; 28 A.L.R. 465. See Annotation 28 A.L.R. 472-498.

On appeal defendant borough contends that its liability for damages in trespass was not necessarily concluded by the Supreme Court's decision in the equity action; that it is not liable in trespass where it acted reasonably, without negligence or malice, and pursuant to an ordinance later held invalid as lacking legislative authority. Under the circumstances, at this time we need not reach the question whether plaintiffs established that the shut-off was a sound basis for recovery against the borough. In any event, certain items of alleged damages were, in our opinion, improperly submitted to the jury and necessitate a new trial generally. Cf. *Rodgers v. Yellow Cab Company,* 395 Pa. 412, 147 A. 2d 611.

Plaintiffs here assert a liability in tort, as in *Hoehle v. Allegheny Heating Company,* 5 Pa. Superior Ct. 21, although the alleged right of action arises out of contract in wrongfully cutting off utility service. However, as in the *Hoehle* case, the alleged wrongful act must be shown to be the proximate cause of the damages suffered by plaintiffs. In determining what is proximate cause, the true rule is that the injury must

be the natural and probable consequence of the wrongful act, such a consequence as under the surrounding circumstances of the case might have been foreseen by the wrongdoer as likely to flow from his act. *Emerman v. Baldwin*, 186 Pa. Superior Ct. 561, 572, 142 A. 2d 440; *Dairymen's Co-operative Sales Association v. McCreary*, 132 Pa. Superior Ct. 524, 528, 1 A. 2d 508. See *Hoag v. Lake Shore and Michigan Southern Railroad Company*, 85 Pa. 293. Plaintiffs may not recover speculative damages, but must show that the alleged wrongful act of the borough in shutting off the water or utility service proximately caused the damage. *Miller v. Wilkes-Barre Gas Company*, 206 Pa. 254, 258, 55 A. 974. Where the facts are not in dispute, the question of proximate cause becomes one of law for the court. *Jowett v. Pennsylvania Power Company*, 383 Pa. 330, 118 A. 2d 452. Assuming liability on the part of defendant borough, plaintiffs' damages here would properly include reimbursement for the cost, trouble, and inconvenience of obtaining water from other sources. However, the alleged aggravation of Becker's heart condition was brought about by his intervening conduct and is akin to contributory negligence or the intervening act of a third person. *Jowett v. Pennsylvania Power Company*, supra, 383 Pa. 330, 337, 118 A. 2d 452; *DeLuca v. Manchester Laundry and Dry Cleaning Company, Inc.*, 380 Pa. 484, 488, 112 A. 2d 372; *Farley v. Sley System Garages, Inc.*, 187 Pa. Superior Ct. 243, 144 A. 2d 600. "Contributory fault may stem either from a person's careless exposure of himself to danger or, as here, from his failure to exercise reasonable diligence for his own protection: see Restatement, Torts, §466." *Good v. Pittsburgh*, 382 Pa. 255, 262, 114 A. 2d 101, 104.

There are numerous decisions of our courts to the effect that damages for mental and psychic suffering are not ordinarily recoverable in the absence of physi-

cal impact or injury causing such suffering. *Emerman v. Baldwin,* supra, 186 Pa. Superior Ct. 561, 572, 142 A. 2d 440. Cf. *Bosley v. Andrews,* 393 Pa. 161, 164, 142 A. 2d 263. The plaintiff must establish such facts as will furnish a basis for assessment of damages according to some definite and legal rule. *Magar v. Lifetime, Inc.,* 187 Pa. Superior Ct. 143, 145, 144 A. 2d 747.

Further, as a general rule, attorney fees are not recoverable as an item of damage. 15 Am. Jur., Damages, §142, pp. 550, 551. In an action of tort plaintiff cannot recover the trouble and expense of establishing his right. *Good v. Mylin,* 8 Pa. 51; *Stopp v. Smith,* 71 Pa. 285. This rule is applicable to the present appeal, especially in the absence of any showing that defendant borough's action was malicious. The court below erred in submitting to the jury the item of attorney fees for $786.81.

Judgments are reversed, and a new trial is granted.