INDIANA HARBOR BELT RAILROAD
COMPANY, Plaintiff,

v.

INDUSTRIAL SCRAP
CORPORATION, Defendant.

INDUSTRIAL SCRAP CORPORATION,
Counter–Plaintiff,

v.

INDIANA HARBOR BELT RAILROAD
COMPANY, Counter–Defendant.

No. 85 C 9740.

United States District Court,
N.D. Illinois, E.D.

June 11, 1986.

Anna M. Kelly, Indiana Harbor Belt
R.R., Chicago, Ill., for plaintiff.

Steven C. Weiss, Ronald M. Hill, Margaret Muller Wilson, Steven C. Weiss & Assoc., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

In this action, plaintiff and counter-defendant Indiana Harbor Belt Railroad Company ("IHB") has moved to strike defendant and counter-plaintiff Industrial Scrap Corporation's ("Industrial Scrap") affirmative defenses and to dismiss Count II of Industrial Scrap's counterclaim. For the reasons set forth in this memorandum opinion and order, IHB's motions are denied.

On November 21, 1985, IHB filed suit against Industrial Scrap charging that between June 1, 1984 and September 1, 1985, Industrial Scrap had stored certain freight cars on IHB's property. IHB alleges that under Demurrage and Storage Tariff PHJ 6004–N, Item 2005, ("Tariff"), Industrial Scrap owes IHB $82,170 for storage of those freight cars. IHB states further that, despite a demand for payment by IHB, Industrial Scrap has refused to pay the storage charges.

In response to IHB's complaint, Industrial Scrap has raised four affirmative defenses, only two of which are at issue here. Industrial Scrap's first affirmative defense provides:

The rates and/or charges which INDIANA HARBOR BELT RAILROAD COMPANY has assessed and is attempting to collect herein (1) are unjust and

unreasonable and in violation of 49 U.S. C. 10701(a) of the Interstate Commerce Act; (2) constitute an unreasonable practice in violation of Section 10701(a) of the said Act; and (3) constitute a discriminatory practice in violation of Section 107(a) and (b) of the said Act.

Industrial Scrap's third affirmative defense provides:

> Demurrage and Storage Tariff PHJ 6004–N and Item 2005 of said tariff are ambiguous and should be construed against INDIANA HARBOR BELT RAILROAD COMPANY and in favor of INDUSTRIAL SCRAP CORPORATION.

In addition, Industrial Scrap has also filed a two count counterclaim against IHB. In Count II of its counterclaim, Industrial Scrap alleges that it has already paid $92,730 in storage charges to IHB under the tariff. Industrial Scrap asserts that the storage charges are unjust and unreasonable, and constitute unreasonable and discriminatory practices under the Interstate Commerce Act. 49 U.S.C. §§ 10701(a), 10741(a), (b). Industrial Scrap requests damages in the amount already paid in storage charges.

IHB has moved to strike Industrial Scrap's first affirmative defense and to dismiss Count II of Industrial Scrap's counterclaim. IHB argues that whether the storage charges are unjust and unreasonable or constitute unreasonable and discriminatory practices are all matters within the exclusive jurisdiction of the Interstate Commerce Commission ("ICC"). Further, the ICC is the only body that has the authority to grant the relief requested by Industrial Scrap in Count II of its counterclaim.

■ The ICC has primary jurisdiction over issues such as whether rates are unjust, unreasonable or are a discriminatory practice. *Atchison, Topeka & Santa Fe Ry. Co. v. United States,* 282 F.Supp. 430, 434 (D.Kan.1968). The doctrine of primary jurisdiction requires that a court defer to an administrative agency's discretion and expertise. *Bruss Co. v. Allnet Communication Services, Inc.,* 606 F.Supp. 401, 408 (N.D.Ill.1985). The proper procedure is not, as IHB has requested, to strike or dismiss such allegations or issues. Rather, the proper course is to suspend or stay the action pending referral of such issues to the administrative agency. *United States v. Western Pacific R.R. Co.,* 352 U.S. 59, 63–64, 77 S.Ct. 161, 164–165, 1 L.Ed.2d 126 (1956); *General American Tank Car Corp. v. El Dorado Terminal Co.,* 308 U.S. 422, 433, 60 S.Ct. 325, 331, 84 L.Ed. 361 (1940).

IHB has also moved to strike Industrial Scrap's third affirmative defense. IHB states that, as a matter of law, the alleged ambiguity of the tariff is not an affirmative defense. IHB argues that, "[a]mbiguity is a finding of fact to be made by the Court after the introduction of appropriate evidence."

■ IHB does not cite any authority for its contention. IHB's failure to refer to any case law is puzzling in light of IHB's assertion that Industrial Scrap's third affirmative defense fails as a matter of law. Further, IHB does not even attempt to explain why Industrial Scrap's third affirmative defense is not an affirmative defense simply because it involves resolution of a question of fact. A unilateral assertion of the law is simply an insufficient basis for striking an affirmative defense.

For the foregoing reasons, it is hereby ordered that IHB's motion to strike Industrial Scrap's first and third affirmative defenses is denied. IHB's motion to dismiss Count II of Industrial Scrap's counterclaim is denied. The issues raised by Industrial Scrap's first affirmative defense and Count II of its counterclaim are hereby referred to the Interstate Commerce Commission. The remainder of this action is stayed pending the Interstate Commerce Commission's ruling.