PATRICIA J. MIRANDA, Plaintiff-Appellant, v. JEWEL COMPANIES, INC., Defendant-Appellee.

Second District   No. 2—89—0187

Opinion filed December 27, 1989.

Michael F. Harvey, of Wheaton, for appellant.

Francis D. Morrissey, Gerald L. Maatman, Jr., and Oran F. Whiting, all of Baker & McKenzie, of Chicago, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Patricia J. Miranda, appeals the trial court's order dismissing her complaint with prejudice, the trial court having found plaintiff's fraud claim against her employer, defendant, Jewel Companies, Inc., preempted by Federal labor law. On appeal, plaintiff contends that the existing collective-bargaining agreement and the Federal labor statutes are not applicable to her fraud claim and need not be analyzed in order to resolve the claims alleged in her complaint. We affirm the dismissal for the reasons discussed below.

## I. THE STANDARD OF REVIEW

■ ■ The trial court granted defendant's motion to dismiss filed pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). Defendant asserted, *inter alia*, that section 301(a) of the Labor Management Relations Act (LMRA) preempted plaintiff's claim (29 U.S.C.A. §185(a) (West 1982)). A movant proceeding under section 2—619 concedes all well-pleaded facts contained in the complaint but does not admit conclusions of law or conclusions of material fact unsupported by allegations of material fact. (*Magnuson v. Schaider* (1989), 183 Ill. App. 3d 344, 352, 538 N.E.2d 1309, 1315; see also *Ronning Engineering Co. v. Adams Pride Alfalfa Corp.* (1989), 181 Ill. App. 3d 753, 757, 537 N.E.2d 1032, 1035.) Such motion to dismiss should be granted only when it raises an affirmative matter which negates the plaintiff's cause of action completely or which refutes crucial conclusions of law or material fact that are unsupported by specific facts alleged in the plaintiff's complaint. (*Egidi v. Town of Libertyville* (1989), 181 Ill. App. 3d 542, 546, 537 N.E.2d 369, 372.) The function of the appellate court in reviewing the trial court's dismissal of a complaint pursuant to section 2—619 is limited to a consideration of the legal questions presented by the pleadings. (See *Ronning Engineering Co.*, 181 Ill. App. 3d at 758, 537 N.E.2d at 1035); however, such review is independent, and the appellate court is not required to defer to the trial court's reasoning. (See *Oak Park Trust & Savings Bank v. Village of Mount Prospect* (1989), 181 Ill. App. 3d 10, 19, 536 N.E.2d 763, 769.) Thus, although we concur in the result reached by the trial court, *viz.*, dismissal with prejudice of plaintiff's complaint, we believe that the trial court's reasoning, al-

though correct, is insufficient to support such a result. Nevertheless, a reviewing court may affirm a dismissal of a complaint on any grounds supported by the record. *Woodson v. North Chicago Community School District No. 64* (1989), 187 Ill. App. 3d 168, 172, 543 N.E.2d 290, 292.

The issue presented by plaintiff's appeal is whether the trial court properly dismissed plaintiff's complaint with prejudice as preempted by Federal labor law. As discussed below, insofar as the resolution of plaintiff's claims requires the interpretation and application of a collective-bargaining agreement, State court jurisdiction over plaintiff's claims is duly preempted by Federal labor law; however, insofar as plaintiff's claims rely upon and must be resolved by reference to the Illinois Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*), the Act provides the exclusive remedies for the economic losses she alleges.

The following facts may be adduced from the record on appeal. Plaintiff, an employee of defendant since 1963, sustained a work-related injury to her foot on August 2, 1984. Defendant did not dispute plaintiff's injury or plaintiff's entitlement to compensation benefits pursuant to the Act. At some point in 1985, defendant made a statement to plaintiff to the effect that she was not entitled to receive compensation benefits simultaneously with vacation pay, apparently in response to plaintiff's inquiry on this subject. Defendant then proceeded to pay plaintiff for four weeks' vacation and, thereafter, reinstituted payment of compensation benefits to plaintiff.

At the times relevant to plaintiff's allegations, the terms and conditions of plaintiff's employment with defendant were subject to a collective-bargaining agreement between defendant and plaintiff's union. The collective-bargaining agreement provided for employees' vacations and vacation pay; it further provided for leave of absence for employees due to illness or injury. Finally, the collective-bargaining agreement provided for the arbitration of grievances, which it defined as "any dispute involving the interpretation or application of the provisions of the Contract." Plaintiff's complaint alleges the existence of the parties' collective-bargaining agreement and the Illinois Workers' Compensation Act.

The complaint further alleges that defendant's representation concerning plaintiff's entitlement to workers' compensation benefits with regard to vacation pay was a false representation made by defendant intentionally and with the knowledge that plaintiff would rely upon it. The complaint goes on to allege that it was defendant's policy to substitute wages for such benefits and that the policy constituted a fraud-

ulent practice which deprived plaintiff of wages and statutory benefits. We note these allegations separately from the facts set out above for the simple reason that these allegations are not well-pleaded facts but constitute, in the main, conclusions of law which may not be presumed as true in the context of a section 2—619 motion to dismiss. (See *Magnuson*, 183 Ill. App. 3d at 352, 538 N.E.2d at 315.) In essence, plaintiff claims that because her employer told her she could not collect vacation pay and workers' compensation benefits simultaneously, her employer committed fraud upon her.

Without discussion, the trial court rejected defendant's initial motion to dismiss which alleged that the Illinois Workers' Compensation Act provided plaintiff's exclusive remedy, or, in the alternative, that plaintiff was required to exhaust her administrative remedies pursuant to the grievance-arbitration mechanism contained in the collective-bargaining agreement. Defendant next sought dismissal of plaintiff's complaint on the theory that Federal labor law preempted her claims, and it was on this basis that the trial court granted the dismissal with prejudice.

## II. FEDERAL LABOR LAW AND THE PREEMPTION OF
### STATE LAW CLAIMS

■ Federal preemption under section 301(a) of the LMRA applies only where the resolution of a State court plaintiff's claims requires the interpretation of a collective-bargaining agreement. (*Lingle v. Norge Division of Magic Chef, Inc.* (1988), 486 U.S. 399, 406, 100 L. Ed. 2d 410, 418-19, 108 S. Ct. 1877, 1881; see also *Gonzalez v. Prestress Engineering Corp.* (1986), 115 Ill. 2d 1, 11, 503 N.E.2d 308, 312, *cert. denied* (1987), 483 U.S. 1032, 97 L. Ed. 2d 779, 107 S. Ct. 3248.) In *Lingle*, the Supreme Court stated:

> "[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor-law principles—necessarily uniform throughout the nation—must be employed to resolve the dispute." (486 U.S. at 405-06, 100 L. Ed. 2d at 418-19, 108 S. Ct. at 1881.)

The *Lingle* court relied upon *Allis-Chalmers Corp. v. Lueck* (1985), 471 U.S. 202, 85 L. Ed. 2d 206, 105 S. Ct. 1904, as did the Illinois Supreme Court in *Gonzalez*. The *Gonzalez* court held that an employee's tort claim of retaliatory discharge was not preempted by section 301(a) of the LMRA because such claim was "wholly separate and in-

dependent from any contract-based action," and resolution of the employee's claim did not turn in any way upon the interpretation of the applicable collective-bargaining agreement. *Gonzalez*, 115 Ill. 2d at 10, 503 N.E.2d at 312.

■ In the instant cause, it is far from clear that plaintiff's claim may be resolved by interpretation and application of her union's collective-bargaining agreement. In fact, although she alleges the agreement's existence, she does not allege that it is the source of the entitlement she claims, *i.e.*, the right to receive workers' compensation benefits simultaneously with vacation pay. Indeed, careful review of the collective-bargaining agreement contained in the record before us fails to reveal such an entitlement anywhere within its four corners. Thus, it would appear that the collective-bargaining agreement has no relevance to plaintiff's claim for workers' compensation benefits; however, we were unable to reach this conclusion without resort to a careful review of the agreement itself. Further, plaintiff's complaint is so inartfully drawn that it is difficult for us to conclude with certainty that plaintiff was not relying in some fashion upon the terms of the agreement when she filed her complaint. Thus, we hold that to the extent plaintiff's claims arise out of and depend upon the applicable collective-bargaining agreement, such claims are preempted by section 301(a) of the LMRA; however, such preemption is not applicable to those portions of plaintiff's claims which arise out of and depend upon the Illinois Workers' Compensation Act. As the Supreme Court noted:

> "[A]s a general proposition, a state law claim may depend for its resolution upon both the interpretation of a collective-bargaining agreement and a separate state law analysis that does not turn on the agreement. In such a case, federal law would govern the interpretation of the agreement, but the separate state law analysis would not be thereby pre-empted." *Lingle*, 486 U.S. at 413 n.12, 100 L. Ed. 2d at 423 n.12, 108 S. Ct. at 1885 n.12.

### III. EXCLUSIVITY OF WORKERS' COMPENSATION REMEDIES PRECLUDES AN INDEPENDENT CAUSE OF ACTION

■ In her response to defendant's initial motion to dismiss, which claimed that the Workers' Compensation Act provided plaintiff's exclusive remedy, plaintiff admitted the pendency of her workers' compensation claim before the Industrial Commission but denied that temporary compensation and permanent disability were issues before the Commission. Unfortunately, neither party saw fit to include any further information concerning this claim or its contents in the record on

appeal. Ordinarily, we believe that the doctrine of primary jurisdiction would require us to defer to the Industrial Commission's discretion and expertise in the area of disputes concerning workers' compensation benefits. (See *Kellerman v. MCI Telecommunications Corp.* (1986), 112 Ill. 2d 428, 444-45, 493 N.E.2d 1045, 1052, *cert. denied* (1986), 479 U.S. 949, 93 L. Ed. 2d 384, 107 S. Ct. 434.) This doctrine "provides that even when a court has jurisdiction over a matter, it should in some instances stay the judicial proceedings pending referral of the controversy, or a portion of it, to an administrative agency having expertise in the area." (*Kellerman*, 112 Ill. 2d at 444, 493 N.E.2d at 1052, citing *Nader v. Allegheny Airlines, Inc.* (1976), 426 U.S. 290, 303-04, 48 L. Ed. 2d 643, 654-55, 96 S. Ct. 1978, 1986-87.) In such a case, the proper procedure would require the trial court to suspend or stay its action pending referral of the issues to the appropriate administrative agency, rather than striking or dismissing any inappropriate allegations or issues. (See *Indiana Harbor Belt R.R. Co. v. Industrial Scrap Corp.* (N.D. Ill. 1986), 672 F. Supp. 1041, 1042.) Nevertheless, in view of our conclusion below that the Act precludes plaintiff's cause of action, the doctrine is inapplicable as the trial court lacked authority over plaintiff's claim from the outset.

Without stating its reasons, the trial court earlier denied defendant's motion to dismiss which alleged that the Workers' Compensation Act provided plaintiff's exclusive remedy. Plaintiff's brief in response to this motion argued that the exclusivity of the Act did not preclude all common-law claims an employee might have against her employer, including fraud. Yet plaintiff went on to state, "the Workers' Compensation Act was the vehicle that [defendant] used to defraud plaintiff" out of receiving simultaneously both workers' compensation benefits and vacation pay. We have already dealt with plaintiff's claims insofar as they implicate her contractual rights (*i.e.*, vacation pay) and have concluded that such claims are preempted by Federal labor law; in addition, we determine that plaintiff's compensation claim does not state an independent cause of action because the exclusive remedies for her alleged economic loss are provided by the Act. (*Martinez v. Admiral Maintenance Service* (1987), 157 Ill. App. 3d 682, 685, 510 N.E.2d 1122, 1125; *Cook v. Optimum/Ideal Managers, Inc.* (1984), 130 Ill. App. 3d 180, 186-87, 473 N.E.2d 334, 339.) In *Cook*, an employee sued his employer's workers' compensation insurer for economic loss because his total temporary disability payments were withheld even though he allegedly had continuing medical justification. This court observed that section 4(h) of the Act proscribes an employer's restraint or coercion of, or interference with, an employee in the exer-

cise of his rights under the Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.4(h)) and concluded that no independent cause of action existed for violations of section 4(h). (*Cook,* 130 Ill. App. 3d at 186-87, 473 N.E.2d at 339.) As we noted:

> "The need under the statute for civil actions like the one brought by Cook is anything but clear. The Act itself provides numerous remedies to employees for the delay and economic loss caused by the improper conduct of which Cook complains. \*\*\* Moreover, the Act includes provisions for penalties where payment of compensation awarded, including compensation for temporary total incapacity, has been unreasonably delayed or withheld without good and just cause (Ill. Rev. Stat. 1983, ch. 48, pars. 138.19(k) and (*l*).) \*\*\*
>
> *Moreover, there are indications that these are the exclusive remedies for the economic loss and delay caused by the conduct complained of.*" (Emphasis added.) *Cook,* 130 Ill. App. 3d at 186-87, 473 N.E.2d at 339.

■ Although plaintiff fails to allege that the Act is the source of the right she claims, namely, the simultaneous receipt of vacation pay and workers' compensation benefits, in the absence of allegations to the contrary, we believe it would be illogical to presume that plaintiff's alleged right in this regard arises from any other source, if it exists at all. Moreover, it is apparent from the record that the economic loss allegedly sustained by plaintiff consists solely of approximately three weeks of total temporary weekly benefits. As we noted in *Cook,* the Act provides penalties against employers who improperly withhold compensation benefits already awarded to employees. (See Ill. Rev. Stat. 1987, ch. 48, pars. 138.19(k), (*l*).) As we concluded in *Cook,* when the Act provides remedies for damages such as are alleged in the instant appeal, we believe that the Act does not authorize an independent cause of action by an employee for an alleged violation of section 4(h). *Cook,* 130 Ill. App. 3d at 187, 473 N.E.2d at 339.

In view of the foregoing, the judgment of the circuit court is affirmed.

Affirmed.

McLAREN and WOODWARD, JJ., concur.