LINDA ZIMMERMAN, Plaintiff-Appellant, v. BUCHHEIT OF SPARTA, INC., Defendant-Appellee.

Fifth District   No. 5—92—0611

Opinion filed June 10, 1993.

Harriet H. Hamilton, of Cook, Shevlin, Ysursa, Brauer & Bartholomew, Ltd., of Belleville, for appellant.

David R. Smith, of Nehrt, Sachtleben, Fisher, Smith & Kerkhover, of Chester, and John W. Grimm, of Limbaugh, Russell, Payne & Howard, of Cape Girardeau, Missouri, for appellee.

JUSTICE MAAG delivered the opinion of the court:

Plaintiff, Linda Zimmerman, appeals from a judgment of the circuit court of Randolph County, which dismissed the plaintiff's complaint pursuant to section 2—615(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615(b)) for failure to state a cause of action. The sole issue raised on appeal is whether the court erred in granting the defendant's motion to dismiss.

The allegations contained in plaintiff's complaint must be taken as true for purposes of a section 2—615 motion to dismiss. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.) In her complaint, plaintiff alleges that on or about December 30, 1990, she was employed by the defendant and was injured in the course of her employment. Thereafter, plaintiff notified the defendant of her intention to seek workers' compensation benefits. She alleges that in retaliation for exercising her rights pursuant to the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1991, ch. 48, par. 138.1 *et seq.*), she was demoted and her work time was reduced. Plaintiff claims damages in lost income and benefits resulting from defendant's actions.

Defendant moved for the dismissal of plaintiff's complaint, arguing that no cause of action exists for retaliatory demotion or any other retaliatory action, except discharge. The trial court dismissed plaintiff's complaint and this appeal ensued.

The tort of retaliatory discharge was first recognized as a cause of action in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, and was designed to prevent an employer from abridging an employee's rights under the Workers' Compensation Act. In *Kelsay*, an employee was discharged in retaliation for filing a workers' compensation claim against her employer. The court held that the cause of action was necessary to prevent the public policy behind the enact-

ment of the Workers' Compensation Act from being frustrated. The court described our workers' compensation statutes as humane and of a remedial nature. They provide for "efficient remedies for and protection of employees" and thus promote the general welfare of the State. The court, therefore, concluded that this public policy warranted protection by the courts. *Kelsay*, 74 Ill. 2d at 181, 384 N.E.2d at 357.

The supreme court again considered the doctrine of retaliatory discharge in *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 421 N.E.2d 876. In contrast to *Kelsay*, the employee in *Palmateer* was not asserting rights pursuant to the Workers' Compensation Act. Rather, he was discharged in retaliation for reporting information to the police concerning possible criminal conduct by a fellow employee and for agreeing to assist the police in their investigation. The supreme court held that under those circumstances, a cause of action for retaliatory discharge was necessary to ensure that the public policy behind the enactment and enforcement of the criminal code was protected.

The tort of retaliatory discharge protects the basic ability to exercise the right to file a claim under the Workers' Compensation Act. (*Darnell v. Impact Industries, Inc.* (1984), 105 Ill. 2d 158, 473 N.E.2d 935.) The employee in *Darnell* was discharged because she had filed a workers' compensation claim against a prior employer. The supreme court stated: "We perceive no distinction between the situation where an employee is discharged for filing a workers' compensation claim against the defendant employer and one where the employer discharges the employee upon discovering that the employee had filed a claim against another employer. In either situation a retaliatory discharge is equally offensive to the public policy of this State as stated in the Workers' Compensation Act." 105 Ill. 2d at 161-62, 473 N.E.2d at 937.

In *Hinthorn v. Roland's of Bloomington, Inc.* (1988), 119 Ill. 2d 526, 519 N.E.2d 909, the tort developed further when the court held that a cause of action existed for an employee who had involuntarily resigned. It held that the plaintiff's resignation was equivalent to a discharge where she was directed by her employer to sign a voluntary-resignation form after the employee requested medical attention for a work-related injury.

*Hinthorn* sets forth the three elements necessary to state a valid cause of action for retaliatory discharge. A plaintiff must demonstrate (1) that she was discharged, (2) that the discharge was in re-

taliation for her activities, and (3) that the discharge violates a clearly mandated public policy.

In the case before us, there has been no allegation of an actual discharge or an involuntary resignation. Plaintiff argues that an employee should have a private cause of action against an employer for an employer's retaliatory actions short of termination when the employee exercises rights under the Workers' Compensation Act. Plaintiff relies, more specifically, on section 4(h) of the Act, which provides:

> "It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or *to discriminate*, attempt to discriminate, or threaten to discriminate *against an employee in any way* because of his or her exercise of the rights or remedies granted to him or her by this Act.
>
> It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 48, par. 138.4(h).

Defendant argues that only a discharge is actionable under existing law. The supreme court has not yet addressed this issue with respect to cases involving rights asserted pursuant to the Workers' Compensation Act.

In *Hartlein v. Illinois Power Co.* (1992), 151 Ill. 2d 142, 601 N.E.2d 720, the court declined to expand the tort to encompass a retaliatory discharge "process" as alleged by the plaintiff. The court reasoned that the plaintiff was not threatened with a loss of employment. At the time of Illinois Power's directive to plaintiff instructing him to begin a job search, the plaintiff was not working but was collecting temporary total disability (TTD) benefits. The court rejected the plaintiff's attempt to characterize the threatened loss of TTD benefits as a loss of employment. The court pointed out that Illinois Power's directive was not accompanied by conduct or statements which indicated a prohibited discriminatory intent on the part of Illinois Power. (*Hartlein*, 151 Ill. 2d at 160, 601 N.E.2d at 729.) It was reasoned that, although *Kelsay* prohibits an employer from utilizing an employee's job as leverage to condition the exercise of rights un-

der the Act, *Kelsay* did not prohibit the threatened loss of TTD benefits. *Hartlein*, 151 Ill. 2d at 165, 601 N.E.2d at 731.

█ In the instant case, plaintiff has alleged, and it must be taken as true, that she has been demoted and her hours have been reduced because she asserted her rights pursuant to the Workers' Compensation Act. Section 4(h) prohibits the activities plaintiff has alleged in her complaint. The actions alleged also directly affect plaintiff's employment, which distinguishes these facts from the *Hartlein* case. Plaintiff has suffered a loss of income and employment, but not a termination of her employment. We see little difference between retaliation by loss of employment by termination and retaliation by reduction in hours and demotion. If the allegations of the complaint are true, the defendant clearly "discriminated" against the plaintiff in violation of the proscription against such conduct contained in section 4(h) of the Workers' Compensation Act.

Under these circumstances, a cause of action could lie to ensure that the public policy behind the enactment of the Workers' Compensation Act is not frustrated. It would be a bitter irony if employers were allowed to circumvent the public policy recognized by the supreme court in *Kelsay* and adopted by the legislature by section 4(h) by performing retaliatory and "discriminatory" actions short of termination. Public policy will not allow employers to frustrate an employee's rights under the Workers' Compensation Act and to avoid statutorily imposed duties by retaining the employee but demoting or reducing the employee's hours.

Lastly, simply because plaintiff has alleged a cause of action sufficient to survive a motion to dismiss in no way predetermines the ultimate disposition of her claim. Upon further development of the facts, it may be developed that the plaintiff was not demoted or her hours were not reduced or that the acts, if committed, were for some legitimate reason. These are questions of fact that cannot be decided on a motion to dismiss. Accepting, as we must, that all facts alleged by plaintiff are true, we conclude that plaintiff has sufficiently alleged a cause of action.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

CHAPMAN, P.J., and WELCH, J., concur.