**Mondawena HOLLAND**

v.

**HARDEE'S FOOD SYSTEMS, INC.**

**Civ. A. No. 93–6033.**

United States District Court,
E.D. Pennsylvania.

May 24, 1994.

Louis Agre, Philadelphia, PA, for plaintiff.

Sidney R. Steinberg, Post & Schell, P.C., Philadelphia, PA, for defendant.

## EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

I am denying Defendant's Motion to Dismiss because I conclude that, under Pennsylvania law, the tort of wrongful discharge protects an employee when his or her contractual benefits are terminated in retaliation for the employee filing a workers' compensation claim.

1. For the purposes of a motion to dismiss, the facts as alleged by plaintiff are taken as true. On November 16, 1992, plaintiff was working as the General Manager of a Hardee's restaurant when the restaurant was robbed. As a result, plaintiff suffered severe psychological injury and was unable to return to work. She remains unable to return to work.

2. Plaintiff alleges that Hardee's compensation package entitled her to (1) short-term disability of 100% of her salary for the first 60 days of disability, and (2) 60% of her salary for the following 120 days. (These benefits are referred to here as "contractual benefits.") From December 1, 1992 to February 3, 1993, Hardee's paid plaintiff 100% of her salary. On February 3, 1993, Hardee's began paying plaintiff 60% of her salary.

Also on that date, plaintiff filed a claim petition for workers' compensation benefits. Hardee's terminated her contractual benefits February 10, 1993. A Hardee's representative allegedly told plaintiff that her contractual benefits had been stopped because plaintiff filed a workers' compensation claim. Complaint ¶ 20, 31. Plaintiff claims to have suffered severe mental anguish and a delayed healing process because Hardee's terminated her contractual benefits in retaliation for her filing a workers' compensation claim. Complaint ¶ 39, 47.

3. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. Plaintiff brings four counts against Hardee's: (1) Pennsylvania Wage Payment and Collection Law; (2) Public Policy Employment Tort; (3) Tortious Interference With Contractual Relationship; (4) Intentional Infliction of Emotional Distress. Plaintiff also requests attorneys' fees on each count. Defendant has filed a Motion to Dismiss all counts pursuant to Federal Rule of Civil Procedure 12(b)(6).

4. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will be granted only when no relief is possible under any set of facts that could be proved consistent with the allegations. *Warner Cable Communications, Inc. v. Borough of Schuylkill Haven*, 784 F.Supp. 203, 205 (E.D.Pa. 1992). All allegations in the complaint and all reasonable inferences that could be drawn therefrom will be accepted as true and viewed in the light most favorable to the nonmoving party. *Unger v. National Residents Matching Program*, 928 F.2d 1392, 1400 (3d Cir.1991). A federal court sitting in diversity must follow the substantive law of the highest court in the state. *Commercial Union Ins. Co. v. Bituminous Cas. Corp.*, 851 F.2d 98 (3d Cir.1988). The parties do not dispute that Pennsylvania law governs this case.

█ 5. *Count One—Pennsylvania Wage Payment and Collection Law (WPCL)*. Under the Pennsylvania WPCL, an employee may sue to recover "unpaid wages." 43 P.S. § 260.9a.[1] "Wages" include "fringe benefits

_____
1. An employee also may be entitled to liquidated

damages, *see* § 260.10, and attorneys' fees, *see*

or wage supplements." 43 P.S. § 260.2a. "Fringe benefits" are defined as "benefits under any employee benefit plan . . . and any other amount to be paid pursuant to an agreement to the employee." 43 P.S. § 260.-2a.

6. Plaintiff claims that defendant's compensation package entitled her to 60% of her salary for the 120 days following February 3, 1993. She alleges that Hardee's terminated her contractual benefits February 10, 1993. Those facts establish an agreement to pay benefits and a failure to pay. Plaintiff's complaint, therefore, states a claim for unpaid wages under the Pennsylvania WPCL. The motion to dismiss this count is denied.

■ 7. *Count Two—Public Policy Employment Tort.* Plaintiff brings a tort claim based on defendant's termination of contractual benefits in retaliation for plaintiff's filing a workers' compensation claim. Defendant argues that this claim suffers from two deficiencies. First, the tort on which plaintiff relies only applies to retaliatory discharge and not to retaliatory termination of contractual benefits. Second, any cognizable claim is barred by the exclusivity provision of the Workers' Compensation Act.

■ 8. As stated above, a federal court sitting in diversity must follow the substantive law of the highest court in the state. *See Commercial Union Ins. Co.,* 851 F.2d 98. If the state's highest court has not yet spoken on an issue, a federal court must "predict the position" that court would take. *Rabatin v. Columbus Lines, Inc.,* 790 F.2d 22, 23–24 (3d Cir.1986). The Pennsylvania Supreme Court has not yet spoken on this issue. If confronted with the facts in this case, that Court would recognize a tort claim for termination of contractual benefits in retaliation for an employee filing a workers' compensation claim. The Court also would hold that the exclusivity provision of the Workers' Compensation Act does not bar the claim.

§ 260.9a. Plaintiffs requests both.

**2.** Defendant cites *Alexander v. Red Star,* 646 F.Supp. 672. The ultimate holding of that case, however, does not address the precise issue be-

■ 9. Developing Pennsylvania law recognizes a cause of action for discharge in retaliation for filing a workers' compensation claim. *Phillips v. Babcock & Wilcox,* 349 Pa.Super. 351, 503 A.2d 36 (1986); *Burns v. United Parcel Service, Inc.,* 757 F.Supp. 518 (E.D.Pa.1991); *Alexander v. Red Star Express Lines of Auburn, Inc.,* 646 F.Supp. 672, 678 (E.D.Pa.1986), *aff'd* 813 F.2d 396 (3d Cir.1987). *Cf. Novosel v. Nationwide Insurance Co.,* 721 F.2d 894 (3d Cir.1983). The exclusivity provision of the Workers' Compensation Act does not bar the claim, as a "wrongful discharge claim is not the sort of injury to which the statute applies." *Alexander,* 646 F.Supp. at 678.

10. The Workers' Compensation Act is "humanitarian legislation" enacted to "provide financial protection to employes injured in the course of their employment." *Butler v. Negley House, Inc.,* 20 Pa.D. & C.3d 543, 549–50 (Pa.Comm.Pl.1981). The tort creates a protective shield around the Act:

the legislature recognized that employers may attempt to use their superior bargaining position to prevent injured employes from receiving the benefits provided by the . . . Act. . . . To promote the public policy of this state as expressed in this legislation, the case law must recognize a claim based on a retaliatory action taken against an employe for filing a workmen's compensation claim. *Id.* at 551.

11. Plaintiff seeks to apply the tort to retaliatory action short of discharge—here, terminating contractual benefits. The court in *Butler* recognized a claim where the employer refused to rehire plaintiff for one year after a period of disability. *See Butler.* [2] An Illinois state court recognized a claim where an employer allegedly demoted an employee and reduced her work hours in retaliation for her filing a workers' compensation claim. *Zimmerman v. Buchheit of Sparta, Inc.,* 245 Ill.App.3d 679, 185 Ill.Dec. 921, 615 N.E.2d 791 (1993).

fore me—whether retaliatory action short of discharge is sufficient to constitute the requisite retaliation to state a claim.

12. The policies underlying the tort of wrongful discharge apply with equal force to a claim for wrongful termination of contractual benefits. As the Illinois court stated:

It would be a bitter irony if employers were allowed to circumvent ... public policy ... by performing retaliation and "discriminatory" actions short of termination. Public policy will not allow employers to frustrate an employee's rights under the Workers' Compensation Act ... by retaining the employee but demoting or reducing the employee's hours.

*Id.*, 185 Ill.Dec. at 924, 615 N.E.2d at 794.

13. The complaint alleges that Hardee's terminated plaintiff's contractual benefits in retaliation for plaintiff's filing a workers' compensation claim. Hardee's should not be permitted to inhibit plaintiff's rights under the Workers' Compensation Act by continuing her employment but withholding contractual benefits. Plaintiff has stated a tort claim for termination of contractual benefits in retaliation for filing a workers' compensation claim.

14. Defendant also argues that this claim is barred by the exclusivity provision of the Workers' Compensation Act. *See* 77 P.S. § 481(a). The Act is the exclusive remedy for injuries "arising in the course of ... employment and related thereto." 77 P.S. §§ 481(a), 411. As stated earlier, the exclusivity provision does not bar wrongful discharge claims because those claims are not injuries to which the Act applies. *See Alexander.*

15. Because this claim is an extension of the tort of wrongful discharge, the same reasoning applies. The Act provides no recourse for retaliatory actions short of discharge. Retaliatory termination of contrac-

tual benefits, therefore, is not an injury to which the statute applies. The exclusivity provision does not bar this claim.[3]

16. *Count Three—Tortious Interference with Contractual Relationship.* Plaintiff has withdrawn this count.

17. *Count Four—Intentional Infliction of Emotional Distress.* The tort of intentional infliction of emotional distress has four elements: (1) the conduct must be extreme and outrageous, (2) the conduct must be intentional or reckless, (3) the conduct must cause emotional distress, and (4) the distress must be severe. *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir.1979). Plaintiff alleges that she suffered severe emotional distress as a result of Hardee's withholding her contractual benefits. She contends that terminating those benefits in retaliation for her filing a workers' compensation claim was "extreme and outrageous conduct."

18. I will deny the motion to dismiss this count and will evaluate its merits after discovery.

19. *Attorneys' Fees for Counts Two and Four.* Finally, defendant asks that plaintiff's request for attorneys' fees for the tort claims—Count Two (Public Policy Employment Tort) and Count Four (Intentional Infliction of Emotional Distress)—be stricken as impertinent pursuant to Federal Rule of Civil Procedure 12(f).[4] Plaintiff has not contested this request to strike. A plaintiff generally may not recover attorneys' fees in a tort action. *See Becker v. Borough of Schuylkill Haven*, 200 Pa.Super. 305, 189 A.2d 764 (1963); *Robert A. Reichard, Inc. v. Ezl Dunwoody Co.*, 45 F.Supp. 153 (E.D.Pa. 1942). Therefore, the request for attorneys'

---

3. Defendant relies on cases holding that the exclusivity provision of the Act bars tort claims for damages resulting from improper handling of workers' compensation claims. *See Kuney v. PMA Insurance Company*, 525 Pa. 171, 578 A.2d 1285 (Sup.Ct.1990); *Santiago v. Pennsylvania National*, 418 Pa.Super. 178, 613 A.2d 1235 (1992); *Danese v. Morrison–Knudsen/Slattery*,

784 F.Supp. 228 (E.D.Pa.), *aff'd* 975 F.2d 1549 (3d Cir.1992). Those cases are inapposite, as the present claim is not based on improper handling of a workers' compensation claim, but rather on improper handling of contractual benefits.

4. Defendant's motion to strike the request for attorneys' fees for Count Three is moot, as plaintiff has withdrawn that Count.

fees for Counts Two and Four is stricken.[5]

---

5. Defendant has not asked the court to strike the    request for attorneys' fees for Count One.