**Michael POPE, Plaintiff,**

v.

**INLAND PROPERTY MANAGEMENT INC. and Martin Boyer Company, Inc., Defendants.**

**No. 94 C 1845.**

United States District Court, N.D. Illinois, Eastern Division.

Feb. 27, 1995.

---

Daniel Francis Maglione, Marybeth Dougherty, David M. Wittenberg, Wittenberg & Dougherty, Ltd., Chicago, IL, for plaintiff Michael Pope.

Dale D. Pierson, Catherine Marie Chapman, Brian C. Hlavin, Laura M. Finnegan, Baum, Sigman, Auerbach, Pierson & Neuman, Chicago, IL, for defendant Inland Property Management, Inc.

Scott R. Britton, Braun, Lynch, Smith & Strobel, Ltd., Denis Jerome Quinlan, Rollins, Hudig, Hall & Co., Chicago, IL, for defendant Martin Boyer Co. Inc.

## MEMORANDUM, OPINION AND ORDER

ANDERSEN, District Judge.

This action is before the court on the motions to dismiss the complaint of plaintiff Michael Pope by defendants Inland Property Management ("IPM") and Martin Boyer Company, Inc. ("Boyer"). Both IPM and Boyer move to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Specifically, IPM and Boyer argue that dismissal is necessary because the complaint alleges a claim for constructive retaliatory discharge which Illinois courts do not recognize. Plaintiff argues against dismissal on the theory that he is not alleging constructive retaliatory discharge. Instead, plaintiff argues that his complaint states a claim for retaliatory and discriminatory conduct in violation of the first paragraph of section 4(h) of the Illinois Workers' Compensation Act (the "Act"). 820 ILCS 305 *et seq.* For the following reasons, the court grants the motions to dismiss.

## BACKGROUND

In plaintiff's complaint, the following facts are alleged and presumed true for purposes of these motions to dismiss. *See Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991).

In 1990, plaintiff began working for IPM as a maintenance person at IPM's facility in Schaumburg, Illinois. On January 21, 1991, plaintiff suffered a knee injury during the course of his employment. Plaintiff notified his supervisor of the circumstances surrounding the injury. On March 1, 1991, plaintiff filed a workers' compensation claim with the Illinois Industrial Commission.

Boyer is engaged in the business of claims adjusting and was employed by IPM to ad-

just the workers' compensation claim of plaintiff. On March 13, 1991, Boyer notified plaintiff that his workers' compensation claim was denied. After plaintiff filed a petition for an emergency hearing, the workers' compensation benefits were paid by IPM.

As a result of his injury, plaintiff underwent multiple knee surgeries which kept him out of work for over two years. During this period, plaintiff received total temporary disability benefits from IPM pursuant to the Act. On May 26, 1993, plaintiff returned to work at IPM's Schaumburg facility with significant medical restrictions imposed by his doctor.

On June 8, 1993, Boyer notified plaintiff that his total temporary disability benefits would stop because IPM would be providing plaintiff with a job within his medical restrictions.

In September, 1993, plaintiff began work at IPM's Woodstock, Illinois facility, which is more than 250 miles from plaintiff's home in Pierceton, Indiana. During the first two days on the new job, plaintiff sat at a desk and took inventory of small maintenance items. Then, plaintiff was told to sit at his desk and drink coffee because there was no other work for plaintiff. Plaintiff asked IPM for a more meaningful job closer to his home, but IPM did not respond. After approximately two weeks, plaintiff resigned. Plaintiff was unable to continue working due to the meaningless nature of his job and the difficulty traveling the distance to the job.

In November 1993, plaintiff's attorney received an internal memo written by an IPM Department of Human Resources employee to another IPM employee which recommended a plan of discrimination against plaintiff. The memo, dated May 4, 1993, stated that IPM's representative from Boyer called IPM regarding plaintiff's release for light duty work with many restrictions. The memo said that a light duty job should be found as far away as possible from plaintiff's home. Boyer's representative believed that plaintiff would turn down the job enabling Boyer to settle and close the case. It further stated that, if IPM said it had no light duty available for plaintiff, IPM would be forced to pay for vocational training.

On March 24, 1994, plaintiff filed the instant complaint alleging that IPM and Boyer retaliated and discriminated against him in violation of section 4(h) of the Act.

### DISCUSSION

■ On a motion to dismiss, the court accepts all well-pleaded factual allegations as true, as well as all reasonable inferences drawn from these allegations. *Mid America Title Co. v. Kirk,* 991 F.2d 417, 419 (7th Cir.1993). Because federal courts simply require "notice pleading," this court must construe pleadings liberally. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (emphasis in original). A complaint's mere vagueness or lack of detail is not sufficient to justify dismissal. *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985). A complaint need not specify the correct legal theory or point to the right statute to survive a motion to dismiss. *Tolle v. Carroll Touch, Inc.,* 977 F.2d 1129, 1134–35 (7th Cir.1992) (*citing Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir.1992)).

Section 4(h) of the Act provides as follows:

It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or to *discriminate,* attempt to discriminate, or threaten to discriminate against an employee in any way because his or her exercise of the rights or remedies granted to him or her by this Act.

It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to *discharge* or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act.

820 ILCS 305/4(h) (emphasis added).

■ In Illinois, a noncontracted employee is one who serves at the employer's will.

The employer may discharge such an employee for any reason or no reason. E.g., *Hartlein v. Illinois Power Co.*, 151 Ill.2d 142, 176 Ill.Dec. 22, 601 N.E.2d 720 (1992). However, in *Kelsay v. Motorola*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978), a limitation on the employer's ability to discharge an at-will employee was created by the Illinois Supreme Court, which held that an employee discharged in retaliation for filing a workers' compensation claim is entitled to recover for retaliatory discharge. *Kelsay*, 23 Ill.Dec. at 562, 384 N.E.2d at 356.

In recognizing an independent action for retaliatory discharge, the court in *Kelsay* relied in part on the second paragraph of section 4(h) which makes it unlawful for an employer to *discharge* an employee for asserting his or her rights under the Act. (Emphasis added). The *Kelsay* court rejected the employer's argument that the legislature did not intend for a civil remedy for retaliatory discharge to be available because the Act did not explicitly provide for such remedy. The court stated that "where a statute is enacted for the benefit of a particular class of individuals a violation of its terms may result in civil as well as criminal liability, even though the former remedy is not specifically mentioned." *Kelsay*, 23 Ill.Dec. at 564, 384 N.E.2d at 358.

■ In Illinois, the tort of retaliatory discharge encompasses three distinct elements: (1) an employee must establish that he has been discharged; (2) an employee must demonstrate that the discharge was in retaliation for the employee's activities; and (3) an employee must show that the discharge violates a clear mandate of public policy. *Ludwig v. C & A Wallcoverings, Inc.*, 960 F.2d 40, 43 (7th Cir.1992) (*citing Hinthorn v. Roland's of Bloomington*, 119 Ill.2d 526, 116 Ill.Dec. 694, 519 N.E.2d 909 (1988); *Barr v. Kelso–Burnett Co.*, 106 Ill.2d 520, 88 Ill.Dec. 628, 478 N.E.2d 1354 (1985)). Illinois courts have expressly refused to expand the theory of retaliatory discharge beyond the element of actual termination. *See Bryce v. Johnson & Johnson*, 115 Ill.App.3d 913, 71 Ill.Dec. 356, 450 N.E.2d 1235 (1983) (plaintiff who was reassigned to a position at half his salary failed to state a cause of action for violation of section 4(h) because he was not discharged); *Bragado v. Cherry Electrical Products Corp.*, 191 Ill.App.3d 136, 138 Ill. Dec. 476, 547 N.E.2d 643 (1989) (plaintiff's claim for wrongful termination of temporary total disability benefits was a matter for the Illinois Industrial Commission and not the basis for an action pursuant to section 4(h)); *Cook v. Optimum/Ideal Managers, Inc.*, 130 Ill.App.3d 180, 84 Ill.Dec. 933, 473 N.E.2d 334 (1984) (court would not imply a statutory cause of action for employer's "interference" in employee's assertion of claim for compensation); *Miranda v. Jewel Cos.*, 192 Ill. App.3d 586, 139 Ill.Dec. 634, 548 N.E.2d 1348 (1989).

■ Plaintiff argues that his resignation was involuntary and that defendants' actions clearly and unequivocally told plaintiff he was discharged. Plaintiff describes a memorandum in which Boyer allegedly conspired to force plaintiff's involuntary resignation by transferring him to an IPM facility over 250 miles from his home. He alleges that he "was unable to continue working [at his] job due to the meaningless nature of his job and the difficulty traveling the distance to the job from his home because of his medical restrictions." (Complaint, ¶ 9). Therefore, plaintiff argues that he is entitled to relief under the first paragraph of section 4(h) of the Act for the discriminatory and retaliatory conduct of defendants. This court reluctantly disagrees. A review of the complaint makes it patently obvious that plaintiff was never formally discharged. Without an actual discharge, plaintiff has no cause of action under section 4(h) of the Act.

Plaintiff claims that the Illinois Appellate Court's decision in *Zimmerman v. Buchheit of Sparta, Inc.*, 245 Ill.App.3d 679, 185 Ill. Dec. 921, 615 N.E.2d 791 (5th Dist.1993) supports his argument that actual discharge is not required to state a cause of action under section 4(h) of the Act. In *Zimmerman*, the plaintiff was demoted and her hours were reduced for seeking workers' compensation benefits. *Zimmerman*, 185 Ill. Dec. at 922, 615 N.E.2d at 792. Although plaintiff was not discharged, the court held that the public policy behind the Illinois Workers' Compensation Act would be frus-

trated if employers were allowed to perform retaliatory and discriminatory acts short of actual discharge. *Id.* at 924, 615 N.E.2d at 794. The court went on to hold that section 4(h) of the Act supports an implication of a statutory remedy for persons, in plaintiff's position, who allege discriminatory treatment arising out of their pursuit of claims for workers' compensation. *Id.*

However, in a plurality decision, the Illinois Supreme Court reversed this decision in *Zimmerman v. Buchheit of Sparta, Inc.,* 164 Ill.2d 29, 206 Ill.Dec. 625, 645 N.E.2d 877 (1994) (publication page references not available). Three justices voted to reverse the Appellate Court, stating that the right to a cause of action granted in *Kelsay* should not be extended to actions involving discriminatory conduct. Two concurring justices agreed that section 4(h) does not create an implied cause of action for discriminatory conduct but stated that the *Kelsay* case should be overruled. Two dissenting justices voted to extend the right to sue to plaintiff's such as Zimmerman.

In its decision, the Illinois Supreme Court expressly held that the element of discharge is essential to the tort created by the court in *Kelsay.* The court found that the terms of section 4(h) of the Act do not support the implication of a statutory right of action for retaliatory demotion or discrimination unless there is an actual discharge of the employee. *Zimmerman,* 206 Ill.Dec. at 631–632, 645 N.E.2d at 883–884. Accordingly, the court declined "to extrapolate from the rationale of *Kelsay* a cause of action predicated on retaliatory demotion." *Zimmerman,* 206 Ill.Dec. at 630, 645 N.E.2d at 882. The court determined that:

> "*Kelsay* created an exception to the employment-at-will doctrine. In our view, adoption of plaintiff's argument would replace the well-developed element of discharge with a new, ill-defined, and potentially all-encompassing concept of retaliatory conduct or discrimination."

> *nerman,* 206 Ill.Dec. at 630, 645 N.E.2d

concurring opinion, Chief Justice
ted that:

[T]he plurality decision is obviously inconsistent with the rationale adopted in *Kelsay.* The Act prohibits both discrimination against and the discharge of employees who exercise their rights under the Act. If, as the plurality holds, an implied civil remedy for retaliatory demotion is not necessary to effectuate that portion of the Act which prohibits *discrimination* against employees who seek workers' compensation benefits, why is an implied civil remedy necessary to effectuate that portion of the Act which prohibits employers from *discharging* employees who seek workers' compensation benefits?

\* \* \* \* \* \*

In my judgment, if we hold that there is no cause of action for retaliatory demotion, we should also recognize that the *Kelsay* court erred in creating an implied cause of action for retaliatory discharge. In both instances, the legislature is in a manifestly better position to determine whether such a cause of action is necessary, appropriate or desirable. Policy questions such as those involved here and in *Kelsay* are best left to the judgment of a General Assembly.

*Zimmerman,* 206 Ill.Dec. at 634, 645 N.E.2d at 886 (emphasis in original).

This court views the two paragraphs of section 4(h) as parallel provisions of equal force because the Act prohibits both discrimination against (first paragraph) and the discharge of (second paragraph) employees who exercise their rights under the Act. The Illinois Supreme Court's *Zimmerman* opinion invites employers who wish to discharge employees in retaliation for their assertion of rights under the Act to harass the employees, as was allegedly done in this case.

The Illinois General Assembly should rectify this situation. It can establish the right to sue for all aggrieved employees; it can eliminate the right to sue for all employees; or it can fashion some explicit, albeit perhaps logically inconsistent, compromise such as that fashioned by the Illinois Supreme Court's opinions. A straightforward amendment to the Act would assist employers, employees and the courts.

We are bound to follow the existing decisions of the Illinois Supreme Court. Because the plaintiff, Michael Pope, has failed to allege an actual discharge, he has failed to state a cause of action under section 4(h) of the Illinois Workers' Compensation Act.

### CONCLUSION

For the reasons stated above, this court grants the motions of defendants Inland Property Management and Martin Boyer Company, Inc. to dismiss this action.